Reyburn v. Casey.

———◦◦◦◦———

REYBURN, Appellant, v. CASEY, Respondent.

1. The time of limitation upon an instrument in the following form, "Received of A. for B. one hundred and eighty dollars. November 16, 1850. [Signed] C." is ten years; such an instrument is a "writing for the payment of money" within the meaning of the first clause of the second section of the second article of the limitation act of 1845. (R. C. 1845, p. 716.)

*Appeal from Washington Circuit Court.*

*Carter*, for appellant.

I. The court erred in refusing the instruction asked. (6 How. 550; 1 Smith, 8; 1 Morr. 321; 15 Ohio, 130; 30 Maine, 118.)

*Noell*, for respondent.

I. The receipt is no evidence of indebtedness. It is merely a receipt for money; there is no promise to pay, or admission of indebtedness. This is not an action or a written instrument for the payment of money.

| 29 | 129 |
| 132 | 551 |

| 29 | 129 |
| s31 | 252 |
| 84a | 404 |

| 29 | 129 |
| 89a | 509 |

| 29 | 129 |
| 93a | 573 |

| 29 | 129 |
| 96a | 492 |
| 96a | 493 |

EWING, Judge, delivered the opinion of the court.

This was an action on the following instrument, "Received of H. Doane for Samuel A. Reyburn, one hundred and eighty dollars. Potosi, November 16, 1850. [Signed] J. H. Casey."

The defendant pleaded the statute of limitations, alleging that the action did not accrue within five years before the commencement of the suit. There was a judgment for the defendant; and motions for a new trial and in arrest of judgment being overruled, plaintiff brings the cause to this court by appeal. The court was asked to declare the law to be that the lapse of five years was no bar to an action on the instrument sued on, but that it might be brought at any time within ten years. This was refused, and the only question is whether the instrument is a writing for the payment of money under the statute.

The second clause of the second section of the limitation act provides that an action upon any writing, whether sealed or unsealed, for the payment of money or property, can only be commenced within ten years after the cause of action shall have accrued. The broad and comprehensive language of the statute evidently embraces all kinds of written instruments, without regard to their mere form or phraseology, which imply a promise or agreement to pay money, and is not restricted to such as have the requisites of promissory notes or to such instruments as contain an express promise or agreement upon their face to pay. It is sufficient if the words import a promise or agreement, or that this can be inferred from the terms employed. Upon this principle it has been decided that a due bill was a good promissory note, for, although no promise is expressed, it is inferred from the acknowledgment of indebtedness. (Kimball v. Huntington, 10 Wend. 68.) The word "borrow" has been held sufficient to imply a promise to pay. In Hanon v. Dugan, 6 Dana, 341, it was held that an instrument in which the defendant acknowledged that he had "borrowed" a sum of money from the plaintiff was a note for the direct payment

of money; that the word "*borrowed*" imported in itself a promise to pay as strongly as the word "due." To the same effect is Cummings v. Freeman, 2 Humph. 144.

We think that the defendant, in saying he had received the money for plaintiff, very clearly acknowledges an indebtedness to him; that the admission that he has plaintiff's money is an acknowledgment that it is due, or that he owes it, all which expressions have been held sufficient to imply a promise of payment.

The other judges concurring, the judgment will be reversed and the cause remanded.