Moorman v. Sharp.

———•••••———

EDWIN W. MOORMAN, Respondent, *v.* PAULINA SHARP, Appellant.

*Limitations—Written Instrument—Note.*—Where the promise to pay money or property is evidenced by an instrument in writing, a suit upon the same is barred by the limitation of ten and not five years. (R. C. 1855, p. 1047; Reyburn v. Casey, 29 Mo. 129, affirmed.)

*Appeal from St. Charles Circuit Court.*

*Orrick,* for appellant.

I. This is not an action upon a writing for the payment of money or property, but an action upon a conditional or implied liability, and is therefore barred by the statute of limitations of five years. (R. C. 1855, p. 1147, 1148.)

*H. C. Lackland,* for respondent.

The only question in this case is, whether the limitation of ten years, or that of five years, applies to this action. This is an "action upon a writing for the payment of money, and therefore ten years is the limitation." (R. C. 1855, p. 1047, § 2.) The defendant "promised to account" to the said plaintiff for the said sum at the final settlement of said estate. This is, in law and common understanding, a promise to pay to the said plaintiff whatever sum of money should be found due him at that settlement. The following decision is directly in point: Reyburn v. Casey, 29 Mo. 129; 31 id. 252.

BAY, Judge, delivered the opinion of the court.

This was a suit upon an instrument of writing in the words and figures following: "Received, October 23, A. D.

1852, from Edwin W. Moorman, executor of Wiltshire L. Sharp, deceased, three hundred and ten dollars, to pay for the negro boy Perry, which I have this day bought from C. B. Wray and wife, and which amount I promise to account to the said Moorman at the final settlement of my late husband's estate. Paulina Sharp, widow of W. L. Sharp, dec'd. By W. B. Oglesby."

The answer sets up the statute of limitations, alleging that the action did not accrue within five years before the commencement of the suit, and upon the trial the defendant asked the court to instruct the jury, that if the action was not brought within five years after the final settlement of Sharp's estate, they must find for defendant. The court refused to give the instruction, and such refusal is the alleged ground of error.

The only question in the case is, whether the instrument here sued on is a writing for the payment of money within the meaning of the first clause of the second section of the second article of the limitation act of 1855. (2 R. C. 1855, p. 1047.) If it is, then the time of limitation is ten years and not five, and the instruction was properly refused. We think this point was well settled by this court in Reyburn v. Casey, 29 Mo. 129. In that case, the instrument sued on read as follows: "Received of H. Doane, for Samuel A. Reyburn, one hundred and eighty dollars. Potosi, November 16, 1850. (Signed,) J. H. Casey."

The limitation act then in force also provided that an action upon any writing, whether sealed or unsealed, for the payment of money or property, could only be commenced within ten years after the cause of action occurred, and the court held "that the language of the statute was broad enough to embrace all kinds of written instruments, without regard to their mere form or phraseology, which imply a promise or agreement to pay money, and is not restricted to such as have the requisites of promissory notes, or to such instruments as contain an express promise or agreement upon their face to pay."

If the instrument sued on in the case of Reyburn v. Casey was a writing for the payment of money (as was held by this court) and not subject to the limitation of five years, there is certainly more reason for holding the same doctrine with respect to the instrument of writing which is the foundation of this suit.

The other judges concurring, the judgment will be affirmed.