JOSIAH D. DUNNING

*v.*

·EDWARD H. PRICE.

LIMITATIONS — *contract in writing.* A plea of the statute of limitations of five years is not a good plea to a count in an action of assumpsit on a contract in writing, wherein the assignee of a judgment agrees to pay to the judgment creditor, his assignor, a certain sum in satisfaction of the interest of the latter therein, when a note to be given in settlement of the judgment shall be paid.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action of assumpsit, brought by Price against
Dunning.  A trial by jury resulted in a verdict for the
plaintiff, on which the court entered judgment.   The defend-
ant appealed, and assigns for error the sustaining of the
plaintiff's demurrer to the plea of the statute of limitations ;
the giving of the following instruction for the plaintiff: "If
the jury believe, from the evidence, that the note and mort-
gage mentioned in the contract produced in evidence were
collected before this suit was commenced, then they will find
for the plaintiff;" the refusal of the following instruction asked
by the defendant: "If the jury believe, from the evidence,
that the note and mortgage, sold by the defendant to the
witness Beith, was the note and mortgage of Edgar and Jonah
Keene, then the jury are instructed that they should find for
the defendant;" and that the verdict was contrary to the law
and the evidence.

Mr. J. D. DUNNING, the appellant, *pro se.*

Messrs. WHEATON & McDOLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of *assumpsit.*   The declaration contains
two special counts and the common counts.

One count is founded upon the following simple contract in
writing, to wit :

" $268                          Aurora, *Jan'y 22d,* 1858..

"Be it known that in May, 1856, Edward H. Price assigned
to me a certain judgment against Jonah F. Keene, and whereas,
said judgment is about to be settled by the note of David and
Edgar Keene, secured by mortgage on lands in De Kalb County.
This is therefore to certify that the portion of said judgment,
now equitably belonging to said E. Price, is two hundred and
sixty-eight dollars, which I promise to pay to him so soon as said

note shall be collected of said D. and E. Keene, with interest from date.

(Signed)             J. D. DUNNING."

The plea of the statute of limitations that, the cause of action in each and every one of the counts did not, at any time within five years next before the commencement of the suit, accrue to the plaintiff, was therefore bad, and the demurrer to it was properly sustained.

The instruction for the plaintiff was properly given, and the one for the defendant properly refused. There was no evidence in the case that the note and mortgage sold by the defendant to the witness Beith, was the note and mortgage of Edgar and Jonah Keene. The plaintiff testified that the written contract sued on was for a note made by Jonah F. and Edgar or Edward Keene, which he assigned to the defendant and left with him for collection, but said nothing about what note and mortgage were assigned by the defendant to Beith.

Beith testified, that in the fall of 1858 defendant assigned to him a note, secured by mortgage on land in DeKalb county, Ill., for about $500; executed by Edgar Keene and some other Keene, not recollecting the other name; that he never had but one note and mortgage signed by Keene from Dunning, and that was paid to him by D. W. Annis six or seven years before.

The defendant testified, that in 1858 he had a note signed by David and Edgar Keene, secured by mortgage on land in De Kalb county, for about $500; that he assigned the same to Beith, and that he never assigned and sold him but one note and mortgage signed by any Keene, and which note was signed by David and Edgar Keene.

Taking the testimony of the defendant and Beith, together, in connection with the contract in writing, there can be no doubt that the note and mortgage assigned by the defendant to Beith, and which he collected, were those of David and Edgar Keene, the same as mentioned in the contract; and that the

plaintiff was palpably mistaken, in saying the note he assigned to the defendant was that of Jonah F. and Edgar or Edward Keene.

We think the verdict was supported by the evidence, and perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*