————o————

WM. P. MENEFEE, Respondent, *vs.* MARK ARNOLD, Appellant.

1. *Limitations, statute of—Receipt, effect of;—When not a promise.*—A receipt given by defendant to a third party for money therein alleged to have been received on account of money paid out by defendant as surety for plaintiff; and which receipt was afterwards assigned by defendant to plaintiff, is not such a promise to pay as would carry the case out of the operation of the statute of limitations. On its face it purported to be an acknowledgment of money received by defendant for himself personally, and not in trust for the use of plaintiff. (See Reyburn vs. Casey, 29 Mo., 129.)

*Appeal from Linn County Court.*

*A. W. Mullins, and Geo. W. Easley,* for Appellant.

The receipt in this case is not a promise to pay money.

In Reyburn vs. Casey, (29 Mo., 129) the court held that the fact that the receipt on its face acknowledged the receipt of the money for the plaintiff, implied a promise of payment. And in the case of Moorman vs. Sharp, (35 Mo., 283,) the writing contained a promise to account to the plaintiff for the money.

It will be observed in these cases that the promise to pay is either expressly contained in the writing, or is implied *from the writing itself*; while in the case at the bar, there is no promise of payment in the writing, nor can a promise of payment be implied from the writing alone.

In either of the cases above cited, a declaration simply on the writing would have stated a good cause of action, while such a declaration on the writing in the case at bar, would have stated no cause of action.

*A. D. Christy, and G. D. Burgess,* for Respondent.

Plaintiff's cause of action was not barred by the statute of limitations. It is governed by the first clause of the 9th section of the limitation act, and not by the provisions of the tenth section. (Reyburn vs. Casey, 31 Mo., 252; S. C., 29 Mo., 129; Kimball vs. Huntington, 10 Wendell, 675; Harrow vs. Dugan, 6 Dana, 341; Cummings vs. Freeman, 2 Humph., 144; Haines vs. Tharp, 15 Ohio, 132.)

WAGNER, Judge, delivered the opinion of the court.

The sole question in this case arises out of the statute of limitations. The action was commenced in 1871, by the plaintiff, to recover a certain amount of money, alleged to have been fraudulently obtained by the defendant. The petition stated in substance, that on the first day of June, 1860, judgment was rendered in the Circuit Court of Linn county, in favor of the Merchants' Bank of St. Louis, and against the plaintiff as principal, and Daniel Grant, T. T. Easley and the defendant, as sureties, for $1,006.08 and costs, and that execution was issued and placed in the hands of the sheriff, and that afterwards, on the 1st day of April, 1863, defendant falsely and fraudulently represented to plaintiff that he had paid off and fully satisfied said execution; upon which statement of defendant, plaintiff fully relied, and at the instance and request of plaintiff, one Richard C. Menefee, paid defendant $500, and took his receipt therefor, which receipt was afterwards assigned to plaintiffs. The petition then alleged that defendant's statements were untrue, and that he did not pay off the said judgment.

The defendant in his answer pleaded and relied on the statute of limitations. At the trial the only evidence offered by the plaintiff to sustain his action, was the following receipt: "Rec'd, Linneus, April 1st, 1863, from Richard C. Menefee,

the sum of five hundred dollars, on account of moneys paid out by me for Wm. P. Menefee, and as surety for him, which moneys were paid Thomas M. Rooker, sheriff of Linn county, Mo., by me, on execution against me as such surety several years ago."

MARK ARNOLD.

The assignment on the receipt was in these words: "For value received, I assign the within to W. P. Menefee, this 10th day of June, 1870."

J. R. C. MENEFEE

The court held that the above receipt constituted a sufficient promise in writing to bring the case within § 9, Art. 2, (2 W. S., 917) of the statute of limitations, and that the action was not barred.

In reading the receipt I am unable to find any promise, either express or implied to pay any thing to any one, or even an acknowledgment that anything was received, for the use of another.

In Reyburn vs. Casey, (29 Mo., 129,) this court held that the fact that the receipt on its face acknowledged the receipt of the money for the plaintiff, implied a promise of payment, and in the case of Moorman vs. Sharp, (35 Mo., 283,) the writing contains a promise to account to the plaintiff for the money.

It will be observed in these cases, that the promise to pay is either expressly contained in the writing, or is implied from the writing itself, while in the case at bar, there is no promise of payment in the writing, nor can a promise of payment be implied from the writing alone.

In either of the cases above cited, a declaration simply on the writing would have stated a good cause of action; but a declaration on the writing in the present case would have stated no cause of action. The petition in the case is based upon fraudulent representations, and not upon the writing as a cause of action. The cause of action is the thing to be barred by the statute of limitations, and if the receipt without any other evidence shows a cause of action, the limitation is ten

years, but if any other evidence than the writing has to be re-sorted to to make out a case, then the period is five years. The receipt wholly fails to show any promise, or any thing from which a promise can be implied. It acknowledges a re-ceiving of money by the defendant, but for himself and not in trust or for the use of any other person. If defendant ob-tained the money by fraud, plaintiff might have relief after the discovery of the fraud, under the 10th section of the stat-ute just quoted, if he could make out a case as therein con-templated, but the receipt is not sufficient to avoid the bar of the statute.

Wherefore this judgment should be reversed, and the cause remanded.

The other judges concur.