————o————

WILLIAM P. MENEFEE, Plaintiff in Error, *vs.* MARK ARNOLD, Defendant in Error.

1. *Practice, civil—Demurrer—Non-joinder of parties—Principal and surety.—* In an action to recover money charged to have been fraudulently obtained by defendant, the petition alleged that a judgment had been rendered against plaintiff as principal and defendant as surety on a bond; that defendant falsely represented that he had paid off and satisfied the execution; that on the faith of such representation, at the instance and request of plaintiff, one "A." paid defendant the amount sued for; that, in point of fact, the judgment had been satisfied, not by defendant, but by one "B." Demurrer charging defect of parties held not well taken. Although B. might sue defendant, as one of the defendants in the original execution, for money paid to his use, he could not sue on the claim of "A.," as there was no privity between them, and defendant could not be held liable to "A." for the money paid by him, the same being paid at the instance of plaintiff. Money so paid might be considered as paid by plaintiff, who would have a right to look to defendant, while "A." could look to plaintiff.

*Error from Linn Circuit Court.*

*G. D. Burgess*, for Plaintiff in Error.

I. There is no allegation in the first count of the petition, that the money was paid by plaintiff to Arnold at the request of Rooker, or that Rooker ever consented to it after it was done. There is no privity between Arnold and Rooker, and certainly Arnold could not be made the debtor of Rooker without his consent. Then if these views be correct, neither Rooker nor J. R. C. Menefee could sue Arnold for the money. If Rooker paid off the execution as alleged in the petition, it may be that he has a remedy against the plaintiff for it, but there is certainly nothing in the petition which shows that he has any right to sue Arnold for it. If Arnold obtained the money through fraud, it does not now lie in his mouth to say that it belongs to another. (2 Greenl. Ev., § 119, 120; De Bernales vs. Fuller, 14 East, 590; Williams vs. Everett, 14 East, 582; Grant vs. Acton, 3 Price, 18; Hill. Torts, 42; Bliss vs. Thompson, 4 Mass., 488; Lyon vs. Annable, 4 Conn., 350.)

*Alexander W. Mullins and Geo. W. Easley*, for Defendant in Error.

I. The petition does not state a cause of action. If Rooker paid the money mentioned in the first count, he would have a right of action against the defendant, and the plaintiff could have no right of recovery. The plaintiff's debt to the bank has been paid, and he has no further duty to perform in that regard. No one is asserting any claim against him for that debt, and he is uninjured by anything appearing in this case; and to allow him to recover would subject the defendant to two judgments and two satisfactions for the same matter. If the plaintiff is permitted to recover in this action, Rooker could then sue and recover also, and this action would be no bar to an action against defendant by Rooker, because there is no privity between Rooker and the plaintiff.

WAGNER, Judge, delivered the opinion of the court.

When this case was here before (51 Mo., 536), we reversed the judgment on the ground that the plaintiff's claim, as it

was then presented, was barred by the statute of limitations. After it went back to the court below, there was an amended petition filed, stating facts which evaded the bar of the statute, and to that petition a demurrer was filed and sustained, and final judgment having been rendered thereon, the cause is appealed here for review.

The amended petition contained two counts. The first alleged that on the first day of June, 1860, judgment was rendered in the Linn County Circuit Court against plaintiff, as principal, and Grant, Easley and defendant, as his sureties, for the sum of one thousand and six dollars and eight cents, and $11.62 costs, and in favor of the Merchants' Bank of St. Louis; and that upon said judgment an execution was issued against the said parties defendant, on the 27th day of August, 1860, and delivered to Thomas N. Rooker, then sheriff of Linn county; and that afterwards, on the 1st day of April, 1863, defendant falsely and fraudulently, and with intent to cheat, wrong and defraud plaintiff, did represent to plaintiff that he had paid off and fully satisfied said execution, upon which statement plaintiff fully relied, and at the instance and request of plaintiff, one Richard C. Menefee paid to the defendant in good faith the sum of five hundred dollars and took his receipt, which was on the 10th day of June, 1870, assigned to plaintiff for a valuable consideration. It is then alleged that the representations made by the defendant at the time he received the money were false, and that defendant did not pay off the execution or any part thereof, but that Thomas M. Rooker paid off and fully satisfied said judgment and execution.

The second count alleges that Brownlee, as assignee of plaintiff, paid defendant eighty-five dollars, which sum was to be appropriated to the satisfaction of a judgment, and that the appropriation was not so made, &c.

Defendant demurred to both counts, generally, because the petition did not state facts sufficient to constitute a cause of action, and specially: 1st. Because there is a defect in parties plaintiff in this, that from the allegation contained in the first count, if any cause of action exists in favor of any one against

defendant, such cause of action would be in favor of either Richard C. Menefee or Thomas M. Rooker, and no assignment of such alleged cause of action is set up in said count in the petition; and 2ndly, as to the second count in the petition, plaintiff does not show any right or interest in the alleged claim against defendant for the money charged to· have been received by him from Wm. H. Brownlee.

As to the propriety of the court's action in sustaining the demurrer to the second count, I entertain no doubt. Plaintiff did not show that he had any interest in the money. He alleged that his assignee, Brownlee, paid the money, and therefore the right and title seems to be in Brownlee, and, if any person is entitled to recover it back he would be the proper person to do so. But as to the first count, I am of the opinion, that the court improperly sustained the demurrer. If Rooker, as is alleged, paid off and satisfied the execution, his recourse would be against the defendants in the execution for money paid for their use, but he could not sue on this demand specially paid by Richard C. Menefee, for there would be no privity existing between the parties. So, in reference to the payment made by Richard C. Menefee, it was at the instance and request of the plaintiff, and the plaintiff would alone be liable to him. The plaintiff avers that the money was paid at his instance and request, and that may be regarded as equivalent to saying that he paid the money or caused the same to be paid. If so, I see no obstacle in the way of his recovering it back.

The judgment should be reversed and the cause remanded, with permission to the defendant to answer. The other judges concur.