BRADY & KIRBY, Respondents, v. PHILLIP ROGERS, Appellant.

**Kansas City Court of Appeals, November 4, 1895.**

**Municipal Corporations:** TAX BILLS: GRADING: CITIES OF SECOND CLASS. In a city of the second class, an 1888 ordinance fixed the grade of a street to a certain height. In 1890 the owners of the majority of the front feet petitioned to have the street brought to grade and an ordinance was passed and the contract let for that purpose. Pending progress of that work, an ordinance was passed reducing the grade of the street one half. The contractor submitted to the change in the grade and demanded and received his tax bills. *Held,* the contractor did not perform his contract; the tax bills were void under the charter as in violation of the contract ordinance.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED.

*James W. Mytton* and *Ben Phillip* for appellant.

(1) The bills were issued before the contractor had completed or substantially completed the work required to be done under the terms of the contract and the bills are void. *Kiley v. Canor,* 51 Mo. 541; *McGrath v. Clemens,* 49 Mo. 552. (2) The bills are void because the contractor has not substantially completed the work according to contract. *Bank v. Payne,* 31 Mo. App. 512; *Brick Co. v. Hamilton,* 51 Mo. App. 120.

*J. A. Graham* and *Porter, Spencer & Connett* for respondent.

(1) The city council had the power to change the grade of Thirteenth street. R. S. 1889, sec. 1255, par.

8 and 12. (2) Notwithstanding a contract had been let for the grading of Thirteenth street between Powell street and Grand avenue, it was competent for the city council to change the grade at any intermediate points, if the rights of the citizens were not materially prejudiced thereby, and in their judgment the best interests of the public required it. Elliott on Roads and Streets, p. 414. (3) There is no pretense that the change in the grade affected the value of the street improvement as to the defendant's property or the general public. The only effect of the change in the contract was to diminish the amount of work which the contractors might have contemplated, thus reducing the cost, to defendants, of the improvement. If this can be considered a change in the terms of the contract, it was competent for the city council to make the change if the substantial rights of the citizens were not impaired. Elliott on Roads and Streets, pp. 414, 415.

GILL, J.—This is an action to enforce the lien of several special tax bills for grading a portion of Thirteenth street in the city of St. Joseph. The defendant, the owner of certain lots, sought to be charged, interposed the defense that the work of grading the street was not completed as required by the contract and ordinance providing therefor. This defense was based on the following state of facts:

In 1888 a city ordinance was passed establishing the grade of the street in question; and in May, 1890, the city council, in pursuance of the petition of the owners of the majority of front feet, by ordinance directed the street to be graded to the established grade and that the cost thereof be charged to the abutting owners. In July, 1890, a contract was let to one Reital for the bringing of the street to the established grade as theretofore fixed. Reital began the work pro-

vided for in his contract, and in August, after much of the work had been done, the council by ordinance changed the grade by lowering the proposed elevations at different places from four to eight feet. The work consisted entirely of filling, and the effect of the change of grade was to reduce the amount of filling to about one half of what was theretofore intended. The contractor seems to have submitted to the change of grade and when the street was filled to the elevation required by the August ordinance, he stopped the work and demanded and received the tax bills.

The cause was submitted to the court sitting as a jury, resulting in a judgment in plaintiff's favor, and defendant appealed.

On the conceded facts of this case, the judgment was for the wrong party and will be reversed. Under the charter of cities of the second class (to which St. Joseph belongs) the city council is not authorized to grade a street at the expense of the property owners, except on the petition of the resident owners owning a majority of the front feet thereon. Section 1404, R. S. 1889. At the time, now, that this defendant and others owning the real estate on Thirteenth street petitioned for the grading thereof, the grade had been established by the ordinance of 1888, and they requested that the street be brought to such established grade. The ordinance of May, 1890 followed the prayer of this petition and provided for the grading according to the elevations fixed by the ordinance of 1888. And the contract, too, entered into between the city and Reital, the lowest bidder, stipulated for filling the street to the grade established by the ordinance of 1888. While, however, the work was progressing and was about being performed as petitioned for by the abutting property owners, as ordered by the ordinance of May, 1890, and as stipulated by the terms of the grading contract,

the council sought to change the extent of the improvement and scope of the contract by materially altering the grade. The ordinance of August, 1890 (passed during the progress of the work) attempted a substantial change in the grade of the street. Under it the street was filled to not more than one half the extent contemplated by the petition of the property owners and the ordinance and contract passed and entered into in pursuance of such petition.

The consent of the abutting real estate owners is all important in a case of this nature, where their property is to be charged with the cost of the improvement. The charter has provided a protection for their interests by restricting the powers of the common council to cases where the resident owners of a majority of the front feet shall petition for the particular street improvement. Here the owners did petition for the grading of Thirteenth street, but it was for doing the work and filling the highway according to the *then established* grade. They did not ask for a different improvement— for filling the street to some other lower grade that might be subsequently agreed upon by the contractor and city council. To permit this would render nugatory and worthless the charter provision to which we have before referred.

It is clear that the contractor has failed to perform the work of grading petitioned for and provided for by the ordinance of May, 1890, and as specified in the contract entered into in July, 1890. The tax bills, therefore, are void. Judgment reversed. All concur.