BRADY & KERBY, Appellants, v. CITY OF ST. JOSEPH, Respondent.

### Kansas City Court of Appeals, April 30, 1900.

1. **Municipal Corporations:** STREET IMPROVEMENT: PREVENTING COMPLETION: ACTION. A city is liable for special damages for preventing the completion of a street improvement for which it has contracted and it appears that the petition mentioned in the opinion sufficiently stated the cause of action.

2. ———: ———: COMPLETION OF CONTRACT: TAX BILLS: MANDAMUS: LIMITATION. When a contract for the construction of street improvements has been completed then the city may make out and pay over the tax bills to the contractor and not till then; the performance of this duty on the part of the city may be enforced by *mandamus;* but such contract is not a contract to pay money or property within the meaning of the statute of limitation.

3. ———: LIMITATIONS: BREACH OF CONTRACT. Where the city prevents a contractor from completing his contract for grading a street, such contractor has an action to recover the damages for the breach and not upon a writing for the payment of money or property and the five year statute of limitation applies.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Vories & Vories* for appellants.

(1)   The petition in this case states a cause of action, because, upon a valid contract, a municipal corporation is liable in the same manner and to the same extent as an individual.   And where it prevents the performance of a contract, it is liable for damages resulting therefrom.   Chambers v. City of St. Joseph, 33 Mo. App. 536; Murray v. Kansas City, 47 Mo. App. 105; Steffen v. St. Louis, 135 Mo. 44; Thornton v. City of Clinton, 148 Mo. 648; Fisher v. City of St. Louis, 44 Mo. 482; Oster v. City of Jefferson, 57 Mo. App. 485.   (2)   The cause of action is not barred by the statute of limitations; because an action upon a contract for the payment of money or property, is not barred until ten years.   Shelton v. Wyman, 1 Mo. App. 130; Reyburn v. Casey, 29 Mo. 129; Martin v. Knapp, 45 Mo. 48; Moorman v. Sharp, 35 Mo. 283; R. S. 1889, sec. 6774; Turnbull v. Watkins, 2 Mo. App. 235; Menefee v. Arnold, 51 Mo. 536; Carr v. Thompson, 67 Mo. 472; see, also, Lingren v. Fletcher, 56 Pac. Rep. 328.   (3)   An action for damages

for breach of contract, is an action on the contract within the meaning of the statute of limitations. Turnbull v. Watkins, 2 Mo. App. 235; Lingren v. Fletcher, 56 Pac. Rep. 328; Bridges v. Stephens, 132 Mo. 550. (4) The defendant (city), under the contract sued on and under the statute relating thereto, promises to pay plaintiff for work done in (property) tax bills. R. S. 1889, sec. 1406. Anything is a payment which the creditor receives for the purpose of extinguishing an obligation due him. 18 Am. and Eng. Ency. of Law, pp. 150, 158.

*Culver & Phillip* for respondent.

The cause of action is for damages for breach of an express contract—and not being "an action upon any writing, whether sealed or unsealed, for the payment of money or property," and not having been brought within five years from the time it accrued, is barred. Reyburn v. Casey, 29 Mo. 129; s. c., 31 Mo. 252; Moorman v. Sharp, 35 Mo. 283; Menefee v. Arnold, 51 Mo. 536; Bridges v. Stephens, 132 Mo. 524; Gas L. Co. v. St. Louis, 11 Mo. App. 55; Kauz v. The Grt. Council, 13 Mo. App. 341; Harper v. Eubank, 32 Mo. App. 259; R. S. 1889, secs. 6773, 6774, 6775.

SMITH, P. J.—This suit was commenced in April, 1899, The petition *inter alia* alleges that on the sixteenth day of June, 1890, the defendant, a city of the second class, entered into a written contract with one Michael Reital for the grading of a certain street in defendant city between certain designated points therein, and for the work to be performed under said contract the said Reital was to receive payment in special tax bills to be issued by the defendant city against the abutting property liable therefor; that afterwards, and before the completion of the grading contemplated by the said

contract, the defendant city, by ordinance, changed the exist-
ing grade of the street and through its agents required said
Reital to perform the grading so as to conform to the change
made therein, and thereby refused to allow him to complete
his contract; that on the completion of the work, according to
the changed grade, the defendant city issued and delivered
to said Reital illegal special tax bills therefor which he re-
ceived and endeavored to collect; that the difference be-
tween the amount of said tax bills and that collected thereon
was $600 and the difference between the actual cost of com-
pleting the balance of the work under said contract and the
contract price therefor was $700; that the cause of action
growing out of the breach of said contract had been duly
assigned to plaintiffs and that by reason of the breaches of
said contract they had been damaged in the sum of $1,300,
for which they demanded judgment. To this petition the
defendant city interposed a demurrer, which was by the court
sustained and judgment given thereon accordingly.

Unless the plaintiffs' action is barred by some statute
of limitation, we think that under the ruling made in Steffen
v. St. Louis, 135 Mo. 44, and perhaps in other cases cited in
the brief of plaintiffs, the petition sufficiently states a cause
of action.

The real question in the case is whether or not it ap-
pears from the face of the petition that the cause of action
therein alleged is barred by the statute of limitations; and if
so, by what statute? It is conceded that if the action is
upon a contract for the payment of either money or prop-
erty that it would not be barred until ten years; but if it is
upon a contract not for the payment of money or property,
it would be barred unless commenced within five years.
R. S. 1889, secs. 6774 and 6775. It remains for us to de-
termine to which one of the classes of actions just referred
to, this shall be assigned.

The gravamen or cause of action alleged was the refusal of the defendant city to allow the contractor to complete the contract, in consequence of which certain damages ensued. As far as we are able to discover, the contract pleaded contains no obligation, either express or implied, for the payment of money or property by the defendant city to the contractor. The clause in the contract relating to the manner of payment provided that when the work was fully completed according to the specifications and accepted by the engineer of the defendant city, that such engineer should measure and compute the cost thereof under the contract and levy and assess as a special tax against each lot of ground chargeable therewith, in the names of the owners; and that the special tax bills should be made out and registered by said city engineer and delivered to the contractor, whose receipt should be in full of all claims against the defendant city on account of said work. If such tax bills be property, as the plaintiffs contend, the defendant is not alleged to be in default in payment of the same over to the contractor, but on the contrary it is alleged that those issued and paid over to the contractor were unauthorized. Until the completion of the contract, according to the specifications thereof, the defendant city was without power to issue and deliver to the contractor any tax bills that would be a valid and binding lien on the abutting property. Until then, the obligation of the defendant city to make out and pay over the tax bills to the contractor did not arise. Brady v. Rogers, 63 Mo. App. 222.

The action of the defendant city in preventing the completion of the work was a breach of the contract for which it may be liable to the contractor for the special damages claimed in the petition. The obligation imposed on the defendant city to make out and pay over to the contractor special tax bills on the completion of the work under the contract was, as already stated, conditional; and as the condi-

tion was never performed the obligation never became operative. If the contractor had been permitted to complete the work according to the specifications of the contract, then the obligation would have rested on the defendant city, under both its charter and contract, to issue and deliver to the contractor tax bills in payment of the cost of the work. Performance of this obligation no doubt could, in such case, have been covered by mandamus. Carroll v. St. Louis, 5 Mo. App. 583, 584. But a failure to issue and deliver such tax bills in accordance with said obligation, would not have made the defendant city liable therefor to the contractor, or, which is the same thing, liable for the cost of the improvement. We can not think that the clause in the contract which enjoined upon the defendant city the obligation to make and deliver the tax bills to the contractor on completion of the improvement is an "obligation to pay money or property" within the meaning of these terms as employed in said section 6774, Revised Statutes 1889.

The action disclosed by the petition is to recover damages for the breach of a contract. It is not an action upon a writing for the payment of money or property, and it therefore belongs to the second class to which we have already referred. The distinction between actions that are barred by the ten year statute of limitations and those barred by the five year, is amply illustrated by the adjudged cases in this state. Reyburn v. Casey, 29 Mo. 129; s. c., 31 Mo. 252; Moorman v. Sharp, 35 Mo. 283; Menefee v. Arnold, 51 Mo. 536; Bridges v. Stephens, 132 Mo. 524; St. Louis Gas L. Co. v. St. Louis, 11 Mo. App. 55; Kauz v. The Grt. Council, etc., 13 Mo. App. 341; Harper v. Eubank, 32 Mo. App. 259.

It is a mistake to suppose that what was said in Gas Co. v. St. Louis, *supra*, respecting the demurrer to the fifth count of the answer in the case has been disapproved by the supreme court in 84 Mo. 202, or in 133 Mo. 555. We are sat-

isfied that the plaintiffs' cause of action as stated in the petition is barred by the five year statute of limitations.

In this view of the case it would serve no useful purpose for us to notice the other points to which our attention has been called in plaintiffs' brief. The judgment will be affirmed. *Ellison, J.*, concurs; *Gill, J.*, not sitting.