QUATTROCHI BROTHERS, Plaintiff in Error, v. FARMERS & MERCHANTS BANK, Defendant in Error.

St. Louis Court of Appeals, May 7, 1901.

1. **Banks and Banking**: DEPOSITOR, RIGHTS OF: PASS-BOOK: EVIDENCE. Where the gravaman of the complaint is that on December 10, 1891, plaintiff delivered to defendant bank money and checks amounting to five hundred and twenty-one dollars for deposit, which the defendant bank received and entered to plaintiff's credit in his bank-deposit book; that afterwards, to-wit, on the thirty-first of December, 1891, plaintiff left the book with defendant to be posted, and that while so in possession of the bank the defendant wrongfully and without the consent of plaintiff changed the deposit of December 16, from five hundred and twenty-one dollars to four hundred and twenty-one dollars, by erasing the figure five and writing over it the figure four. *Held*, that the entry of deposit in plaintiff's pass-book to his credit is not a writing for the payment of money, as comes within the purview of section 4272, Revised Statutes 1899 (the ten year statute of limitations concerning personal actions).

2. **Banks and Banking**: PASS-BOOK, OBJECT OF: DEPOSITOR. The object of a pass-book is to inform the depositor, from time to time, of the condition of his account as it appears on the books of the bank. It not only enables him to discover errors to his prejudice, but supplies evidence in his favor in the event of litigation or dispute with the bank.

Quattrochi Bros. v. Bank.

3. ———: RELATION OF BANK AND DEPOSITOR: CREDITOR: DEBTOR. The relation between a bank and its depositor is that of debtor and creditor.

4. ———: ———: ———: RECEIPT. The entry of a deposit in a pass-book to the credit of the depositor, is in the nature of a receipt and is prima facie evidence that the bank ·has received the amount from the depositor and entered it to his credit.

5. ———: ———: ———: CONTRACT TO PAY MONEY. But it is not a contract to pay money, being but a receipt, and like any other receipt it is open to explanation *aliunde.*

6. ———: ———: ———: FIVE-YEAR STATUTE OF LIMITATIONS. And it is not "any writing for the payment of money," and is not a promise either expressed or implied to pay the amount, evidenced by the writing, and as evidence other than the writing has to be resorted to to make out the promise, the five-year statute of limitations applies.

7. ———: ———: ———: ———: TEN-YEAR STATUTE OF LIMITATIONS. And in the case at bar, the action is not on the pass-book, and no liability is created by the entry of credits therein express or implied, to pay the depositor the sums therein acknowledged to have been received, and it is not evidence in writing for the "payment of money," and, hence, is not protected by the ten-year statute of limitations.

Writ of Error from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This case was taken by appeal to the circuit court, where omitting caption, the plaintiffs filed the following amended petition:

"Now comes the plaintiffs and for their amended petition herein, by leave of court, respectfully state:

"That at the times hereinafter mentioned, the plaintiffs

were partners, doing business in the city of Hannibal as merchants, in said county and State, under the firm name of Quattrochi Brothers.

"That at the times hereinafter mentioned the defendant was, ever since has been, and still is, a moneyed corporation, organized under laws of this State, and doing a banking business in said city of Hannibal.

"That the plaintiffs, as such partners, and under their said firm name, during the time hereinafter mentioned, did their banking business with the defendant, and that the defendant, on or about June 30, 1888, issued and delivered to the plaintiffs under plaintiff's said firm name, a bank-deposit book of the kind generally used by it in its business with its customers, having the defendant's name and the words 'in account with' printed on the front cover of said book, and the said firm name of the plaintiffs to wit: 'Quattrochi Bros.' written on the front cover of said book next below said words 'in account with,' and having printed at the top of the second and third pages of said book the following words and abbreviations, to-wit: 'Dr., Farmers & Merchants Bank in Account with . . . . . . . . . . . . . Cr.' and having the words 'Quattrochi Bros.' written at the same place in said book, between the word 'with' and the abbreviation 'Cr.' so as to make the whole read as follows: 'Dr., Farmers & Merchants Bank in Account with Quattrochi Bros., Cr.,' and that the defendant wrote the plaintiffs' firm name as aforesaid on the front cover of said book, and at the top of the third page of said book, before it delivered the same to the plaintiffs.

"That at divers times between June 30, 1888, and January 1, 1892, the plaintiffs, under their said firm name, delivered various sums of money, drafts and checks representing money, to the defendant for deposit, which it received on deposit, and entered in writing each of said deposits of money

at the time it was made, in said bank-deposit book of plaintiffs' firm, and the defendant by said book, and by its written entries therein, promised and agreed to repay the money so deposited, to the plaintiffs, under their said firm name, or to their order, on demand.

"That while so doing business with the defendant, the plaintiffs, under their said firm name, on December 16, 1891, delivered to the defendant money, checks and drafts, amounting to five hundred and twenty-one dollars for deposit, which the said defendant received on deposit, and entered in writing said deposit of five hundred and twenty-one dollars at that time in said bank-deposit book of plaintiffs' firm, and delivered said book back to plaintiffs, and the defendants thereby promised and agreed to repay said five hundred and twenty-one dollars to the plaintiffs, under their said firm name, or to their order, on demand.

"That afterward, in December, 1891, plaintiffs' firm made two other deposits with the defendant, and the defendant duly entered the same in plaintiffs' said bank-deposit book, and on December 31, 1891, the plaintiffs' firm left said bank-deposit book with the defendant to be posted up, and that while the defendant had the book in its possession, it wrongfully and without the knowledge or consent of the plaintiffs, erased the figure '5' in said entry of '$521,' under said date of December 16, 1891, and wrote the figure '4' where said figure '5' had been, thus changing said entry of said deposit so as to make it read and show four hundred and twenty-one dollars instead of five hundred and twenty-one dollars, which it was before then and should have been allowed to so remain.

"That by the aid of a magnifying glass it may be readily seen that said entry was originally $521.

"That by this wrongful action of the defendant, said plaintiffs' firm was deprived of the credit of one hundred dol-

lars, to which it was entitled.

"That thereby, when said plaintiffs' firm received their said bank-deposit book back from the defendant, after it had been posted up, it only showed a balance of $541.41 due to plaintiff's firm by the defendant, instead of $641.41, which said book should have shown had not the defendant wrongfully changed said credit entry therein under date of December 16, 1891, as aforesaid.

"That on discovering that said defendant had thus changed said deposit entry, the plaintiffs' firm, on or about January 7, 1892, went to the defendant's banking house and demanded of defendant said one hundred dollars of the credit for which they had been thus deprived, or a proper credit therefor in their said bank-deposit book, but the defendant refused to comply with said demand.

"That the defendant has properly accounted for and paid to the plaintiff's firm, or their order, all of the said balance of $641.41 except said sum of one hundred dollars, part of the said deposit of five hundred and twenty-one dollars received on December 16, 1891, by the defendant from said plaintiffs' firm as aforesaid, and which said balance of one hundred dollars is still due and owing by the defendant to the plaintiffs.

"That said bank-deposit book of plaintiffs' firm was duly filed by them with J. T. Lord, J. P., in Hannibal, in said county, at the time this suit was commenced before him, and the same is now again filed with this petition.

"The plaintiffs therefore ask for judgment against defendant for said balance of one hundred dollars with interest thereon from January 7, 1892, and for such other relief as to the court shall seem just and proper."

To which the defendant filed the following demurrer:

"Now comes defendant and demurs to the amended petition of plaintiff for the following ground of objection, viz.:

"Because said amended petition shows upon its face that the cause of action, if any, in said amended petition mentioned, did not accrue within five years next before the commencement of this action."

The court sustained the demurrer. Plaintiffs elected to stand on their petition, and judgment on the demurrer was rendered for the defendant, from which plaintiffs duly appealed.

*W. H. Fisher* and *A. E. Fisher* for plaintiffs in error.

(1) The entry of deposit of $521 in plaintiffs' bank-deposit book, written therein by defendant bank at the time said deposit was made, on December 16, 1891, and which stands admitted by the pleadings, was such a "writing for the payment of money" as is within section 4272, Revised Statutes 1899, providing that an action on such writing may be brought within ten years after such cause of action shall accrue. This question has never been directly decided by the courts of this State nor of sister States, as far as plaintiffs have been able to find. But our decisions on similar questions sustain plaintiffs on this point. (2) The law and statutes of Missouri, outlining what actions must be brought within five or ten years, beginning in 1825, page 510, section 1, continued or modified in 1835, page 393, section 1; 1845, page 716, section 1; 1848-9 page 74, section 3; 1855, page 1047, section 2; 1856-7, page 77, section 2; 1865, page 746, section 9; 1879, section 3229; 1889, section 6774; 1899, section 4272, all draw a broad distinction between actions founded on any writing given by the party to be charged and actions otherwise founded on any agreement not evidenced by any writing given by the party to be charged, and seem to broadly contemplate that suit on the first class may be commenced within ten years, and on the second class

within five years.    In 1855, the enactment was made substantially as it now exists.    Up to and including 1845, there are special provisions in our statutes for mere store accounts, and accounts for goods sold and delivered, strongly tending to show that there was a difference in the opinion of the Legislature between bills made out by the merchant for goods sold to his customer, and a writing made by the very party to be charged. (3)    The law implies a promise to pay back to a depositor his money, and where there is a written contract stipulating that money has been received on deposit, the promise to repay is an essential part of the written contract itself; it is a promise in the written instrument itself, and not outside of it.    Newmark on Bank Deposits, 1888, p. 114; Lang v. Strauss, 7 N. E. 763; Kimball v. Huntington, 10 Wend. 675; Bishop on Contracts, p. 171.    And where there is a written contract into which the law imports a promise to pay, the statute of limitations governing written contracts to pay money is the only one that applies.    Lang v. Strauss, 7 N. E. Rep. 765. An account evidenced by entries in a depositor's bank book, is held to be evidence of indebtedness in writing, within Gross' Illinois Statute, 430, limiting an action thereon to sixteen years.    Jassoy v. Horn, 64 Ill. 379.

*F. L. Schofield* for defendant in error.

(1)    Clearly enough, this is not "An action upon any writing, whether sealed or unsealed, for the payment of money or property," and, therefore, the ten-year section of the limitation act does not apply.    R. S. 1899, sec.    4272.    (2)    Even if a bank depositor's pass-book might be regarded as a writing for the payment of money shown to be due thereon, this action is not upon the pass-book at all.    If the pass-book is to be regarded as that upon which the action is brought, plaintiffs must

be cast in their suit, for the pass-book not only does not show any cause of action, but it expressly negatives and disproves the cause of action alleged. According to the averments in the petition the pass-book reads and shows a credit of only $421, where it ought to show $521; and the action is to recover this $100 not shown. The petition further expressly alleges that the pass-book was balanced up on December 31, 1891, and showed a balance of $541.41 due plaintiffs' firm instead of $641.41, which said book should have shown," and the action is to recover the $100, difference between the balance shown and the balance which was not, but should have been shown. The petition admits that the plaintiffs have received the balance shown by the pass-book to be due them, but ask to recover an additional $100. In short, by the very terms of their petition, the right of recovery is not on the pass-book, but wholly outside of it, and the evidence by which they must recover under their petition is not the pass-book itself, but other evidence expressly contradictory of the pass-book. We, therefore, submit that, whether or no a depositor's pass-book is a writing for the payment of money, is a wholly immaterial question. This action is not on the pass-book.

BLAND, P. J.—The contention of appellants is that the action is upon a writing for the payment of money, and that the ten-year period of limitation applies. The gravamen of the complaint is that on December 16, 1891, appellants delivered to respondent money and checks amounting to five hundred and twenty-one dollars for deposit, which respondent received and entered to appellant's credit in the bank-deposit book; that afterwards, to-wit, on the thirty-first of December, 1891, appellants left the book with respondent to be posted, and that while so in possession of the bank the respondent wrongfully and without the consent of appellants changed the de-

posit of December 16 from five hundred and twenty-one dollars to four hundred and twenty-one dollars, by erasing the figure five and writing over it the figure four. If the entry of the deposit in appellants' pass-book to their credit is such a writing for the payment of money, as comes within the purview of section 4272, Revised Statutes 1899 (the ten-year statute of limitations concerning personal actions), then the fact that respondent wrongfully or fraudulently changed the amount of the deposit, will no more convert the action into one for the fraudulent alteration of a written instrument, than if the amount had been evidenced by a promissory note and the respondent had fraudulently changed the amount to be paid, as evidenced by the note in its original form. In such circumstances the right of action would be upon the note, for the amount for which it was given and the fact that evidence *aliunde* would be necessary to prove the amount, would not change the original promise in writing to pay the sum stipulated to be paid, to a promise resting on an oral agreement.

As was said in this court in McKeen v. Bank, 74 Mo. App. 1. c. 289, following Bank v. Morgan, 117 U. S. 104, "The object of a pass-book is to inform the depositor from time to time of the condition of his account as it appears on the books of the bank. It not only enables him to discover errors to his prejudice, but supplies evidence in his favor in the event of litigation or dispute with the bank."

The relation between a bank and its depositor is that of debtor and creditor. McKeen v. Bank, 74 Mo. App., supra; State v. Reid, 125 Mo. 1. c. 51; Bank v. Tutt, 5 Mo. App. 342. The entry of a deposit in a pass-book to the credit of the depositor, is in the nature of a receipt, and is prima facie evidence that the bank has received the amount from the depositor and entered it to his credit. Morse on Banks (3 Ed.), sec. 290. But it is not a contract to pay money, being but a

receipt; like any other receipt, it is open to explanation by evidence *aliunde*. Talcott v. First Nat. Bank of Larned, 36 Pac. Rep. 1066, and cases cited. In Jassoy & Co. v. Horn, 64 Ill .379, and Schaluckey v. Field, 124 Ill. 617, it was held that an account evidenced by entries in a depositor's bank book is evidence of indebtedness in writing and within the long period of limitation. The Illinois statute provides for actions brought upon "evidence of indebtedness in writing." Ours provides for actions upon "any writing *for* the payment of money." Under the Illinois statutes any indebtedness evidenced by writing in any form would be sufficient to bring it under the long period of limitations, while under our statute the writing, to have that effect, must contain a promise either expressed or implied to pay the amount evidenced by the writing. Reyburn v. Casey, 29 Mo. 129; Moorman v. Sharp, 35 Mo. 283; Shelton v. Wyman, 1 Mo. App. 130. And if any other evidence than the writing has to be resorted to to make out the promise, the five-year statute applies. Menefee v. Arnold, 51 Mo. 536; Bridges v. Stephens, 132 Mo. l. c. 552.

In First Nat'l Bank v. Clark, 134 N. Y. 368, it was held that a deposit-slip given by a bank to a depositor "constitutes an acknowledgment that the amount of money named therein has been received. It is a receipt and nothing more. No promise is made to pay the sum named on return of the paper, nor is it expected by either the depositor or depositary that it will even be presented to the bank again. * * * It is not intended to furnish evidence that there remains money in the bank to the credit of a depositor, but to furnish evidence as between the depositor and depositary that on a given date there was deposited the sum named. It may all or nearly all be checked out at the moment of making the deposit-slip. * * * It is not proof of liability and will not support an action against the bank." An entry of a credit in a pass-book is of no higher

dignity, and imports no greater obligation on the part of the bank, than a deposit-slip. Both are but receipts, and neither furnishes an obligation for the payment of money upon which an action may be maintained.

In Talcott v. First Nat'l Bank, supra, it is said: "The authorities are that the entry in a pass-book by the proper officer, of the amount and date of the deposit, is prima facie evidence that the bank received the amount, and binds the bank like any other form of receipt. But, the entry is only a receipt, and is open to explanation *aliunde,*" and if shown to be a mistake is no longer binding upon the bank. The receipt is also open to correction in favor of the depositor if it is erroneous, citing Am. and Eng. Ency. of Law, pp. 102, 103, and 1 Morse on Banking (3 Ed.), sec. 290.

On both reason and authority, we conclude that the action is not on the pass-book; that no liability is created by the entry of credits therein, express or implied, to pay to the depositor the sums therein acknowledged to have been received, and that it is not evidence in writing *for* the payment of money, and, hence, is not protected by the ten-year statute of limitations.

II. From what has been said in the first paragraph of this opinion, it is clear that the action does not come within the provision of section 4293, Revised Statutes 1899, which excludes the application of the general statutes of limitations to suits brought to enforce payment of bills, notes or other evidences of debt issued by moneyed corporations.

The judgment is affirmed. All concur.