JEPTHA D. HOWE, Respondent, v. ARTHUR MIT-
TELBERG, Appellant.

**St. Louis Court of Appeals, November 11, 1902.**

1. **Trustee: EXPRESS TRUST: ASSIGNMENT OF CHOSE IN AC-
TION.** A person to whom a chose in action has been assigned for
collection is the trustee of an express trust and as such may sue
on the assigned demand in his own name.

2. **Statute of Limitation.** The clause of the limitations law which
provides that no action shall be barred until ten years, if it is
founded on a writing for the payment of money or property, em-
braces any writing which expresses or implies a promise or agree-
ment to pay money or property, whether the payment is to be cer-
tain or contingent.

Appeal from St. Louis City Circuit Court.—*Hon.
Walter B. Douglas*, Judge.

AFFIRMED.

*Aug. Rebenack* and *R. L. Johnston* for appellant.

(1) The plaintiff is not the real party in interest
and the contract sued on being a personal option can
not be assigned. Sec. 540, R. S. 1899. (2) If the
writing without any other evidence shows a cause of
action, the limitation is ten years, but if any other evi-
dence than the writing has to be resorted to, to make
out a case, the period is five years. Meneffe v. Arnold,
51 Mo. 536; Carr v. Thompson, 67 Mo. 472.

*Alphonso Howe* for respondent.

(1) Appellant raises, for the first time in this
court, the point that the plaintiff is not the real party
in interest. This is without merit. Besides, if there
was any merit in it, he has waived it by not raising

the objection in the trial court. R. S. 1889, sec. 602. (2) The law in this State is well settled that the assignee of a note or an account for collection may sue in his own name. Rogers v. Gosnell, 51 Mo. 466; Nicolay v. Fritschle, 40 Mo. 67; McComas v. Ins. Co., 56 Mo. 573.

GOODE, J.—This action originated before a justice of the peace and is based on the following written contract:

"December 30, 1893.

"In consideration of the sum of $237.50, received this day of Selden P. Spencer, I have sold and do sell to him 250 shares of the capital stock, full paid and non-assessable in the St. Louis Mining and Milling Company of Montana and agree to buy back the said stock at its cost price and at any time on five days' notice after June 1, 1894, and before October 1, 1894.

"ARTHUR MITTELBERG.

"Sept. 29, 1894: Extended to Jan'y 1, 1895.

"A. M.

"Dec. 26, 1894. This guarantee is for the consideration extended until I have given a ten days' notice of my willingness to take the stock at the price paid. "ARTHUR MITTELBERG."

Before the expiration of the period originally limited in which Mittelberg was bound to take back the stock and repay Spencer its purchase price, the latter demanded that he take it back. Mittelberg was not ready to do so at that time and desired an extension of his obligation. Spencer told him there was no objection to extending it provided he (Mittelberg) would continue his liability to redeem, which Mittelberg was willing to do, but wanted an option himself to take up the stock when he chose. Spencer was willing to extend his liability to redeem, and Mittelberg was willing to extend his liability provided he might redeem at his pleasure, and so the clause below the original memor-

andum of the contract was appended on December 26, 1894.

This action was begun June 1, 1901, no further demand having been made by Spencer that Mittelberg repurchase the stock until three or four months before the suit was brought; nor in the meantime had Mittelberg given any notice that he wished to repurchase, and he refused to do so when Spencer made demand. The latter's claim was assigned for collection to Howe, the plaintiff, who brought suit in his own name for damages on account of Mittelberg's breach of the contract.

1.    According to the Missouri decisions, Howe is the trustee of an express trust and as such has the right to maintain this action in his own name. Dean v. Chandler, 44 Mo. App. (St. L.) 338; Young v. Hudson, 99 Mo. 102; Guernsey v. Moore, 131 Mo. 650.

2.    We have examined with some care the defense of the statute of limitations, based on the theory that the action was barred after five years; but have reached the conclusion that the case comes within the clause of the limitation law that no action shall be barred under ten years if it is founded on a writing, whether sealed or unsealed, for the payment of money or property. R. S. 1899, sec. 4272. That clause is unhappily phrased and has given the courts considerable perplexity. The expression "payment of money or property" is inexact, because the word "payment" conveys the idea of a money transaction. But doubts have chiefly arisen as to what writings ought to be interpreted to create obligations for the payment of money or property within the meaning of the statute.

It is settled that there must be a promise to pay (Menefee v. Arnold, 51 Mo. 536) and also settled that an implied promise is sufficient to put the case within the effect of the statute. Reyburn v. Casey, 29 Mo. 129; Moorman v. Sharp, 35 Mo. 283.

In Shelton v. Rodney, 1 Mo. App. (St. L.) 130, a letter acknowledging the receipt of sacks of wheat and reciting sales thereof, with a statement that "account

of sales will follow in due course," was held to be a writing for the payment of money within the meaning of the clause, on the authority of Reyburn v. Casey, supra, where it was said, "the broad and comprehensive language of the statute evidently embraces all kinds of written instruments without regard to their form and phraseology, which imply a promise or agreement to pay money, and is not restricted to such as have the requisites of promissory notes, or to such as contain an express promise or agreement upon their face to pay. It is sufficient if the words import a promise or agreement, or that this can be inferred from the terms employed."

If we deal with the contract in question according to its plain intention instead of the words used, it is simply a contract by which Mittelberg agrees to repay Spencer the money Spencer had paid him for the stock and to take the stock back on demand. The language, "I agree to buy back the said stock at its first price," is of the same legal force and effect it would have borne if it had read, "I agree to pay back the cost price of said stock on its return to me." So if we test the application of the statute of limitations, as appellant claims we should, by asking whether the contract shows on its face a promise to pay or requires evidence *aliunde* to show a promise (Carr v. Thompson, 67 Mo. 472), the cause of action falls within the ten-year limitation, because the contract carries on its face a promise to pay money.

That the payment was based on a contingency, to-wit, a demand by Spencer, does not alter the case. This argument was met and answered in Martin v. Knapp, 45 Mo. 48, where the action was on an administrator's bond and the five-year statute was pleaded in bar because, as was argued, the instrument sued on was not a writing for the payment of money or property within the signficance of the ten-year limitation. But the court pointed out in its opinion, that the limitation statute of 1849 was amended in the revision of 1855 by omitting the word "direct" in describing

actions on written instruments for the payment of money, with the object of including in the ten-year limitation all actions founded on such instruments whether the promised payment was to be certain or contingent. This decision was followed in Henoch v. Chaney, 61 Mo. 129, in an action on an instrument in the nature of a replevin bond, and in Nelson v. Barnett, 123 Mo. 564. We also refer to the separate opinion by BARCLAY, J., in Bridges v. Stephens, 132 Mo. 549, wherein it is said, after noticing the judgments on the subject:

"The result of these decisions is that if the writing in question contains enough to raise the promise (to pay money or property) sued on, the ten-year limitation applies to an action for its breach. If the obligation is clearly apparent from the writing, the breach of it may be exhibited by facts outside the writing."

In Dunning v. Price, 56 Ill. 338, the suit was on a contract to pay part of the judgment as soon as a note given for it should be collected, and the promise was held within the ten-year limitation of a statute substantially like our own.

The foregoing cases warrant the ruling that plaintiff's right of action on the contract in question was not barred at the time the suit was begun.

3. A point is made by the appellant against the jurisdiction of the justice of the peace, but the justice had jurisdiction, as this is an action on the contract for damages, and not one to compel specific performance.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.