WEATHERFORD, Respondent, *vs.* FARRAR *et al.*, Appellants.

1. No principle is better settled than that a receipt may be explained by parol evidence.

*Appeal from Franklin Circuit Court.*

*C. Jones*, for appellants.
*Stevenson* and *Kennett*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiffs commenced their action in the Circuit Court of Franklin county, against Reuben H. Farrar, Richard P. Jones, Charles R. Jeffries and John M. Dougherty.   The suit was instituted against these defendants on two bonds given by said Farrar, as guardian of the plaintiff's wife.   In the first bond Jones and Jeffries were securities for Farrar; in the second bond, or what is called "the additional bond," in the petition, Dough-

erty was security. Such proceedings were had in the court below, that the petition was directed to be amended, and was amended, by striking out all that part in relation to the additional bond, and dismissing the suit as to Dougherty. I mention this, because, notwithstanding this amendment and this striking out and dismissing the action as to Dougherty, and thus getting clear of the whole matter in relation to the additional bond, the appellants still set this original matter up here, as error, and wish this court to reverse the judgment. The plaintiffs offered proof tending to show the amount of moneys which had come to the hands of the guardian and the amount paid out for his ward by him.

The defendant then offered and read to the jury the receipt, as follows: "Received of R. H. Farrar, guardian of Sarah J. Jones, the sum of $278 87, balance in full, this March 29th, 1852. G. W. C. Weatherford."

Some testimony was given by defendant, showing the price of boarding in his neighborhood, and Clayton, a witness, stated that he borrowed of Farrar $150 ; that Sarah J. Jones had a running account with him ; that some time after the marriage of the plaintiffs, Clayton settled with Weatherford, deducting his store account, which was something like fifty dollars ; that Farrar said that the money he loaned to Clayton was money he got from Virginia, and which he had received from R. H. Jones, on account of Sarah J. Jones. This was about all the evidence offered by defendants. Plaintiffs then proved the payment of the boarding, &c., and by a witness proved the items mentioned at the time of giving the above receipt, and showed clearly its incorrectness.

The defendants objected to the introduction of the testimony explaining the receipt and showing its incorrectness ; contended that the receipt was final and conclusive between the parties. The court overruled the objection and permitted the testimony to be given to the jury. The defendants excepted. The jury found for the plaintiffs $258 83. Defendants moved for a new trial, which was overruled, and the case brought here by appeal.

1. The only point of any moment is the admission of the testimony to *explain* the receipt—I may say to show its incorrectness. No principle is better settled than that receipts may be explained—may be shown to be incorrect. Such writings were never considered of the dignity of written agreements or contracts. See case of *Alexander* v. *Moore*, at the present term of this court.

The judgment of the court below is affirmed, Judge Scott concurring; Judge Gamble not sitting.