## Samuel Hooper v. John Hooper.

*Parties in fiduciary relations.: Amicable settlements.* There is no rule of law or justice which will prevent parties in fiduciary relations, from making amicable settlements of their accounts.

*Insane person: Guardian and ward: Settlement after recovery: Probate court.* A guardian of a person formerly insane, may settle with his ward after he has recovered his reason, and they are not obliged to have their accounts passed through the probate court.

*Probate proceedings: Guardian and ward: Balancing account: Settlement: Estoppel.* Where, in order to close the probate proceedings, it was agreed the account rendered in that court might be formally balanced, and the parties settled on terms which they announced were private, such balancing raises no estoppel against the establishment of the claim actually existing between them.

*Special finding.* When the record does not show that any special finding was asked of the court and refused, error will not lie for the want of such finding.

*Submitted on briefs January 15.   Decided January 17.*

Error to Livingston Circuit.

*A. McReynolds* and *O. Hawkins*, for plaintiff in error.

*H. H. Harmon*, for defendant in error.

CAMPBELL, J.

This action was brought by John Hooper, to recover the amount claimed to be due him for his services and disbursements as guardian of Samuel Hooper, during the

latter's insanity.   It appears that during his guardianship,
his accounts were settled up to January 13th, 1868, when
a balance was adjudged due to him of one thousand three
hundred dollars and eight cents.   On November 22d, 1869,
after the ward had recovered his reason, and while the final
settlement of the accounts was pending before the probate
court, including the former balance and some later charges,
the parties went out of the room for the purpose of set-
tling, and came to an agreement.   After a time they
returned, and plaintiff informed the judge of probate that
they had settled on terms they proposed to keep private,
and that he desired to be discharged, and authorized the
judge to enter the account as balanced.   This was done,
and the discharge entered.

He claimed in the court below, to recover the amount
unpaid and due him, and the defense was rested upon the
ground that he was concluded and estopped by his balanced
account in the probate court, from setting up any further
claim.   The grounds relied on are, that such accounts can-
not be settled or adjusted, except in the probate court, and
that its adjudications can only be avoided by appeal, or
other steps directly aimed at getting relief against that
judgment.

There has never, that we are aware of, been any legal
obstacle to settlements of accounts between parties of law-
ful age and sound mind, without judicial intervention, nor
any objection to arranging claims in litigation.   Settlements
of fiduciary matters are scrutinized more closely than oth-
ers, but they are not void.   And in cases where the parties
are of such age that there is no great danger of undue
influence, there is less need of extreme caution, than where
settlements are made with those likely to be more easily
impressed.   Upon such a record as this, none of these
questions arise, and the judgment must stand, unless the

probate record can be held conclusive against any debt. This would be absurd, when it was only put in that shape in pursuance of an independent agreement, which was directly designed to remove the case from the court, by the only means whereby the estate could be closed there, leaving the parties to arrange their dealings among themselves.

We find nothing in the record to show that any special finding was asked and refused, and the error assigned on that ground is not well founded.

There was no error in the judgment, and it must be affirmed, with costs.

The other Justices concurred.