PAUL DANE, HEMAN A. KIMBALL AND JAMES W. MARSHALL
v. JUDSON D. HOLMES.

*Special counts in declaration impleading surety—Garnishee's pay-
ment to be applied to the particular demand indicated by him
—Entry discharging judgment may be disputed.*

A declaration against a justice and his sureties for money received
by him as justice, must set forth the grounds of the specific
liability in a special count; and the general counts added
thereto are surplusage.

Payment by a garnishee defendant upon a particular demand is in
the hands of a justice as payment on that demand only and on
no other; and the justice is not liable for the money received to
one who holds a judgment against the same garnishee on another
demand.

The entry of the words "Judgment discharged" written by a justice
across the face of a judgment is no more conclusive than a
receipt; it is only *prima facie* evidence of payment and can be
proved incorrect.

Error to Alpena.  Submitted Oct. 8.  Decided Oct. 21.

ASSUMPSIT.  Defendant brings error.

*Kelley & Clayberg* for plaintiffs in error.

*Holmes & Carpenter* for defendant in error.

GRAVES, J.  Dane was a justice of the peace and Kim-
ball and Marshall were his sureties, and Holmes brought
this action against them on their statute obligation to
recover certain money alleged to have been received by
Dane as a justice of the peace and claimed by Holmes
to be his money.

The declaration contained a count drawn with a view
to show the specific liability, and this was proper.  The
only undertaking by the sureties was for liability of
Dane arising in his office of justice of the peace and not
for general liabilities.  The count would have to show
the existence of the conditions requisite to a cause of

action on the obligation. A common count would not do this and would not be appropriate. Hence the general counts added to the declaration are of no importance and may be regarded as out of the case. The facts are somewhat complicated.

April 17, 1875, James McDonald obtained judgment before Dane for $173.81 damages and costs against Malcolm McDonald and David B. Cardy. The suit was commenced March 29th. At the same time the plaintiff in that suit, James McDonald, garnished Lyman J. Sylvester and Selden W. Flanders as debtors of the principal defendants, and on that day Sylvester made disclosure and admitted an indebtedness of $150. After judgment against the principal defendants a summons was taken to show cause, and on May 7th the justice gave judgment against the garnishees for $133.80 debt and $2.10 costs. May 10th the plaintiff James McDonald made an assignment on the docket of the two judgments to the plaintiff Holmes, and he, claiming that the garnishee judgment had been paid to the justice, brought this action against the justice and his sureties for the money. September 16th Sylvester paid in $135.90 and Dane refused to pay it to Holmes. This is admitted.

The defense was that it was paid on certain other proceedings which the court excluded, and not on those assigned to Holmes.

These excluded proceedings embraced what was claimed to be a judgment rendered by Dane on the 10th of July in favor of one Doyle and against James McDonald, the plaintiff in the principal judgment assigned to Holmes, for $184.46 damages and costs; and a garnishee judgment connected therewith in favor of Doyle and against Sylvester and Flanders, the garnishee defendants in the case assigned to Holmes, for $127.90 damages and one dollar costs.

The suit in which the principal judgment in these proceedings was recovered was commenced May 7th, being the same day on which the judgment was ren-

dered in McDonald's favor in the other series of proceedings, and the garnishee suit against Sylvester and Flanders as debtors of James McDonald in these proceedings by Doyle was commenced the same day and the process therein was served on the 10th of May, being the same day McDonald assigned his garnishee judgment against Sylvester and Flanders to Holmes. The judgment in the garnishee suit brought by Doyle was rendered July 24, 1875.

Mr. Turnbull acted as Doyle's counsel, and not only provided the money which was paid in by Sylvester, but accompanied him to the office where payment was made. As Holmes' witness he testified that Sylvester wanted to pay the money on the suits in which he (Turnbull) was interested as attorney, and that in fact he paid it on the largest judgment. That Sylvester laid the money on the table, and Dane counted it and took out his costs and then paid the rest over to him (Turnbull) as Doyle's attorney, and that he (Turnbull) receipted it on the docket.

It appeared that Dane, under date of September 16, wrote on the face of the judgment assigned to Holmes the words "judgment discharged."

The judge refused to admit these proceedings carried on by Doyle on the ground that they were not valid, and ruled that the entry of the words "judgment discharged" absolutely discharged the judgment and precluded Dane from showing or contending that the money was never paid on that judgment.

Both of these rulings were erroneous. The plaintiff was bound to show that Dane had received money on the assigned judgments and refused to pay it over, and his right to recover depended on such showing. If however the money in question was paid entirely on another claim it was not paid on the plaintiff's, and it could be of no consequence whether such other claim was a regular judgment or not or a valid demand

against the person paying. The payment by Sylvester in person was to the justice, and he was at liberty to make it on the Doyle judgments if he chose, and if he did so the justice held it as money paid on them and not as paid on any other, and the question of regularity of the proceedings had no bearing.

The entry made by Dane was not conclusive. It was no more than a receipt *prima facie* true, and he and his sureties were not cut off from showing, if such was the case, that it was a mistake and that in fact no money had been paid on that judgment.

There are some other questions, but under the view taken they are not important. Any difficulty found in the pleadings can be corrected hereafter if the plaintiff below shall find it expedient to continue the litigation, and there are no other points deserving mention which will be likely to arise again.

The judgment entered for defendant in error must be reversed with costs and a new trial granted.

The other Justices concurred.