RODERICK J. McDONALD, DAVID D. ERWIN, AUGUSTUS C. TRUESDELL AND WILLIAM McLAUGHLIN v. CHARLES J. LEWIS.

*Application of payments on specified judgments—Conclusiveness of docket entry—Record cannot be amended by stipulation..*

Money paid to a justice to be applied upon a judgment in garnishment cannot be used to satisfy a different judgment against the same party, even though the time had expired during which the fund could be bound by the proceedings in garnishment.

A justice's docket entry that money paid into court is in satisfaction of a particular judgment cannot make him liable to the judgment creditor for the money, if it was actually meant to be applied upon a different judgment.

The record of a case in the Supreme Court cannot be amended by stipulation of counsel.

Error to Muskegon. Submitted Oct. 24. Decided Oct. 30.

ASSUMPSIT. Defendants bring error.

*Smith, Nims, Hoyt & Erwin* for plaintiff in error.

*F. W. Cook* for defendant in error.

GRAVES, J.  McDonald being a justice of the peace and the other plaintiffs in error his sureties, Lewis brought this action on their statutory obligation, to recover certain money paid to McDonald, and which Lewis claims to be his. The case was heard by the circuit judge, in

session without a jury, and after finding the facts he entered judgment against the justice and his sureties, and they allege error.

A reference to the facts is necessary. August 8, 1877, McDonald rendered a judgment in favor of William H. Lewis & Sons and against A. V. Moon & Co. for $80.13 damages and $10 costs. The individual names of the plaintiffs were William H. Lewis and John H. Lewis, and of the defendants Alexander V. Mann and John W. Moon. On the same day two garnishee suits were commenced before McDonald in favor of creditors of William H. Lewis & Sons, and against said A. V. Mann & Co., the judgment defendants in the judgment recovered by William H. Lewis & Sons, and these garnishee suits were so commenced after the recovery of that judgment. On the next day, August 9th, William H. Lewis & Sons made their written assignment of their judgment to the defendant in error, on the face of the docket entry of the judgment.

August 15th, at which time the writs of garnishment were made returnable, Alexander V. Mann, one of the firm garnisheed, appeared before McDonald and disclosed for the garnishees in both cases. By such disclosure he confessed that the garnishees were indebted to William H. Lewis and John H. Lewis when the process was served on the eighth of August, in the sum of $80.13. The respective proceedings rested in this shape until the twentieth of September, at which time Mann and Moon, the garnishees, paid to the justice $90.13, a sum equal to the original recovery of damages and costs in the suit of Lewis & Sons against Mann & Co.

The judge finds that McDonald received this money in full satisfaction of that judgment, and made entry of the fact as follows:

"Sept. 20, 1877. The above judgment satisfied by the defendants paying into court the amount of this judgment and costs, $90.13, they being garnishee defendants in suits of *Dean et al. v. Lewis* and *Loomis et al. v. Lewis.*"

The judge also finds that of this sum $10 was paid and received as costs in the judgment of Lewis & Sons against Mann & Co.; but that the residue of $80.13 was actually paid by Mann and Moon, to be received by McDonald in the garnishee proceedings; or in other words, that the sum of $80.13, the money in question in this cause, was paid in the garnishee cases, and not on the judgment assigned to defendant in error.

August 22d, or two days subsequent to this payment, the defendant in error demanded the money of McDonald and he refused.

The circuit judge held upon these facts that the assignment of August 9th was sufficient to transfer the judgment, and that the garnishee suits ceased to bind the fund after thirty days from the disclosure, and hence that the money paid in, which was after the thirty days, became the money of the defendant in error in the hands of the justice.

The case is governed by *Dane et al. v. Holmes*, decided this term, 41 Mich., 661.

Conceding that the judgment was transferred subject to the garnishee cases, and conceding further that the force of those cases against the fund was lost or suspended at the time of payment, and still the consequence drawn is not authorized.

There was no power to overrule the will of the garnishees and transfer their payment from the object of their choice to another which this act excluded. They were in a situation to decide for themselves concerning the application which should be made of their money, and whether they acted wisely or unwisely, is not a question to be decided here. For aught that appeared they could appropriate their means to any claim or object, however irregular, and take their own risks. And if they chose to pay upon the garnishee proceedings, which is expressly found, whether they were good or bad, it was not a payment on the judgment assigned to

defendant in error, and the money is not his money and not recoverable as though it was.

If the justice got 'puzzled in his attempt to record the transaction on his docket, it cannot change the question and render him and his sureties debtors to defendant in error for money the latter never owned, and which was never paid in for him either in fact or by construction of law.

The entry made against the judgment is not important. It would not be conclusive if free from all ambiguity, which it is not, and the finding indicates with sufficient clearness that it was a mistake.

The judgment must be reversed and one entered here 'for the plaintiffs in error with the costs of both courts.

The other Justices concurred.

NOTE.—After this opinion was prepared a stipulation by counsel was received to amend the record. Of course no amendment could be made by stipulation. However, the change proposed would not affect the result.