CAUGHLIN v. BLAKE.

1. **Justice of the Peace:** DEATH OF DEFENDANT: JURISDICTION. A suit before a justice of the peace pending against a decedent at the time of his death may be prosecuted to judgment, the administrator being substituted as defendant, and the justice may adjourn the hearing one or more times, as may be necessary, to allow such substitution to be made.

2. ———: DOCKET ENTRY: CONTRADICTION OF. An entry in the docket of a justice, made after he has acquired jurisdiction in a case, and showing an adjournment by consent of parties, cannot be contradicted by affidavit.

*Appeal from Greene Circuit Court.*

THURSDAY, APRIL 7.

ON the 7th day of January, 1879, the plaintiff commenced an action, aided by attachment, against George Blake, before

Harvey Potter, a justice of the peace, upon a promissory note, and caused original notice to be served upon George Blake, returnable on the 13th day of January. The attachment was served by garnishment of one Patrick McCarney, and by levy upon certain personal property. On the return day the plaintiff appeared by his attorney and showed to the court that the defendant had died since the commencement of the action, and upon his motion the cause was continued until March 10, in order to substitute the executor of the estate of George Blake as defendant, and bring in said executor by proper notice. March 10, 1879, the plaintiff's attorney appeared and made known to the court that no executor of the estate of the defendant had been appointed, and upon his motion the cause was continued to the 8th day of May, for substitution of the executor as defendant, and service upon him. On the 2d of May original notice issued to John Blake, administrator of the estate of George Blake, deceased, returnable on the 8th day of May, which notice was duly served. The docket entry of the justice shows that on the 8th day of May the plaintiff appeared by attorney, and John Blake, administrator, appeared by attorney, and by agreement of parties the cause was continued to the 20th day of May, 1879. May 20, 1879, the defendant, John Blake, administrator, appeared and filed a motion for a change of venue, on the ground of the prejudice against him of Harvey Potter, Esq. The change was granted, and the cause was sent to I. D. Howard, the nearest justice of the township. On the 20th day of May, 1879, a transcript of the docket of Harvey Potter, Esq., was filed in the office of I. D. Howard, Esq., and thereupon the defendant filed a motion to dismiss the cause for want of jurisdiction, supporting the motion by an affidavit of his attorney that no agreement of any kind or nature was made or had with plaintiff's attorney before the filing of the motion for change of venue, nor thereafter, for continuance to any specific date. The justice sustained the defendant's motion, and dismissed the case. A writ of error was issued

Caughlin v. Blake.

by the Circuit Court, the judgment of the justice was reversed, and he was directed to overrule the motion to dismiss and set a day for the trial of the cause. The defendant appeals.

*C. H. Jackson*, for appellant.

*Potter & Church*, for appellee.

DAY, J.—The trial judge duly certified that this cause involved the determination of certain questions of law, upon which it is desirable to have our opinion. These questions are set out below, in connection with our answers thereto, but for the sake of clearness they are presented in an order different from that in which they are submitted.

1. JUSTICE of the peace: death of defendant: jurisdiction.

1. *Where a defendant died after completed personal service and before the return day, can his administrator be substituted as defendant, and the cause be prosecuted to judgment in a justice's court?*

Section 2416 of the Code provides: "Suits pending against the decedent at the time of his death may be prosecuted to judgment, his executor being substituted as defendant, and such judgment shall be placed in the catalogue of established claims, but shall not be a lien." This provision is alike applicable to all suits and all courts. It contemplates that a suit commenced shall not abate, but may be prosecuted to judgment. This section requires that this question shall be answered in the affirmative.

2. *Will the adjournment of a cause by a justice of the peace for a period of thirty days, upon the death of a defendant after due and legal service upon him of the original notice, and before the return day, on motion of the plaintiff, for the purpose of having an administrator appointed and substituted as defendant, oust the jurisdiction of the court?*

The record does not present this exact question, as the adjournment was not for thirty days, but from January 13th to March 10th, a period of fifty-six days. The answer to this question, however, will apply equally to the question embraced in the record. As the action does not abate, but may be prosecuted before the justice to judgment, it follows that the justice has the inherent power to continue the cause or suspend the trial until an executor may be appointed, and the proper parties may be brought before the court. If this were not so the provision authorizing the prosecution of a suit pending to judgment would be nugatory whenever suit is pending in the court of a justice. Such continuance does not oust the jurisdiction of the court.

*3. Will a second adjournment for a like period and a like purpose oust the jurisdiction of the court?*

The causes which render one adjournment necessary may necessitate a second adjournment. When a necessity for such adjournment exists, the jurisdiction of the court is not ousted by it.

*4. Can the entry of a justice of the peace in his docket that the cause was continued by agreement of parties in open court, be contradicted by affidavits of a party and his attorney denying that any such agreement was made?*

2. ——: docket entry: contradiction of.

A justice of the peace possesses but a limited and inferior jurisdiction, and no presumption in favor of jurisdiction exists. It is clear, however, that the justice had jurisdiction both of the person and the subject-matter when the order for continuance was entered, May 8, 1879. When a court of inferior and limited powers acquires jurisdiction, the subsequent proceedings are deemed regular, and cannot be collaterally assailed. *Long v. Burnett,* 13 Iowa, 28; *Davenport M. S. F. & L. Ass. v. Schmidt,* 15 Id., 213; *Hart v. Jewett,* 11 Id., 276. In *Wright v. Ross,* 2 G. Greene, 266, it was held that the official return of a justice cannot be impeached by the traverse plea of a party or his attorney. The case of

*Dane v. Holmes*, 3 N. W. Rep., 169 (Mich. Sup. Ct.), relied upon by appellant, is not in point. The entry involved in that case was a satisfaction of judgment, which, in an action to recover the amount against the justice, was regarded as a mere receipt, and subject to explanation by showing that the payment was made upon another judgment, and the entry was made by mistake. We think the entry in question cannot be contradicted by affidavits.

5. *If the record of the justice can be thus contradicted by affidavits, and it be thus made to appear that on the second adjourned day the administrator, having been substituted and served, appeared and filed a motion for change of venue, and after the filing of such motion the justice on his own motion further adjourned the cause for a period of eleven days, and upon said last adjourned day granted the change of venue and sent the cause to another justice, would this action deprive the justice to whom the case was sent of jurisdiction?*

This question is predicated upon an answer to the preceding one different from that which has been given. It is, therefore, not necessary that any answer should be given thereto. It follows that the judgment must be

AFFIRMED.