## GILBERT A. POWELL v. JAMES H. POWELL.

*Set-off—Discharge from guardianship.*

1. A claim for personalty received by plaintiff while acting as defendant's guardian, but not accounted for by him, is proper set-off in an action on a note, being for goods sold or for money had and received. How. St. § 7365.

2. A claim for money had and received cannot be classed as unliquidated damages, as the amount of such a claim is always ascertainable.

3. A receipt by a ward for property held by his guardian is no more conclusive than any other receipt, and while it justifies the guardian's discharge neither the receipt nor the discharge precludes the ward from showing that under a mutual arrangement the guardian has not actually accounted for part of the property.

4. Undue haste in the settlement of a guardian's accounts is not favored.

Error to Macomb.   (Stevens, J.)   Jan. 11.—Jan. 22.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Edgar Weeks* for appellant.   The right of set-off is statutory (*Woods v. Ayres* 39 Mich. 345) and includes everything that can be the subject of suit (*Wallace v. Finnegan* 14 Mich. 170; *Hosmer v. Wilson* 7 Mich. 294; *Ward v. Warner* 8 Mich. 508; *Watson v. Stever* 25 Mich. 386) even a distinct debt: Waterman on Set-off §§ 89, 286; *Smith v. Huie* 14 Ala. 201; *Gunn v. Todd* 21 Mo. 303; *Leavenworth v. Packer* 52 Barb. 132; *Ogden v. Coddington* 2 E. D. Smith 317.

*Dwight N. Lowell* for appellee.   Assumpsit cannot lie at the suit of a ward against the guardian for matters involved in the trust: *Moore v. Hazelton* 9 Allen 104; *Brooks v. Brooks* 11 Cush. 20; *Conant v. Kendall* 21 Pick. 36; *Cole v. Eaton* 8 Cush. 587; *Wade v. Lobdell* 4 Cush. 510; *Hicks v. Chapman* 10 Allen 464; Schouler's Dom. Rel. 506–514; *Gott v. Culp* 45 Mich. 274; unliquidated demands are not properly within the law of set-off: *Hol-*

*land v. Rea* 48 Mich. 218–225; *Carter v. Jaseph* id. 615 ;
Waterman on Set-off §§ 301–4 ; an unsettled account con-
stitutes a claim not only unliquidated but wholly uncertain:
*Cumings v. Morris* 3 Bosw. 560 ; *Sherman v. Ballou* &
Cow. 304 ; *Osborn v. Etheridge* 13 Wend. 339 ; *Butts v.
Collins* 13 Wend. 139 ; *Stanbery v. Smythe* 13 Ohio St.
495 ; *Ratliff v. Davis* 38 Miss. 107 ; *Hanna v. Pleasants*
2 Dana 269 ; a final account between guardian and ward, a
full hearing in the probate court and a determination of the
guardian's accounts bind all concerned : *Le Guen v. Gouv-
erneur* 1 Johns. Cas. 501 ; *Adams v. Cameron* 40 Mich.
511 ; *Embury v. Conner* 3 N. Y. 522 ; *Kamp v. Kamp* 59
N. Y. 215 ; *Ross v. Wood* 70 N. Y. 11 ; *Webb v. Buckelew*
82 N. Y. 558 ; *Jacobson v. Miller* 41 Mich. 93 ; *Baxter v.
Aubrey* id. 13.

CAMPBELL, J. Plaintiff recovered judgment against de-
fendant for a balance due on a promissory note. Defendant
offered but was not allowed to prove a set-off arising from
the conversion of certain personal property which plaintiff,
as guardian of defendant, had received and not accounted
for. This property consisted of grain, hay and some ani-
mals belonging to defendant. This set-off was rejected
below chiefly on the ground that the guardianship accounts
had been settled and the guardian discharged. It is now
claimed further that the amount was unliquidated.

This last objection amounts to nothing. The claim, if
valid, might have been either for goods sold or for money
had and received, either of which would come within the
statute, and neither of which is within the residuary clause
relating to unliquidated damages, because money had and
received is always ascertainable, and a claim for this, as,
well as for personal property sold, is expressly allowed to be
set off. Comp. L. § 5796. [How. St. § 7365.]

The foundation for the other objection is in a receipt in
full, given after an account had been settled in the probate
court, on the basis of which receipt the guardian was dis-
charged.

It appears that during a part of the year 1880, defendant was under guardianship of plaintiff, as temporarily non compos. In the fall of that year he left the asylum and plaintiff filed an account, and a day of hearing was fixed, and the parties were present before the judge of probate. It appeared from the inventory that certain personal property, including in whole or in part the property now in question, was in the guardian's hands, but no price was put upon it. On the accounting the judge of probate says that his attention was called to the fact that this property was not included either in the inventory or in the account; that there was to be a receipt drawn, and "certain moneys or property—an amount found in his hands" should be delivered. The order discharging the guardian was made, if the dates are correctly stated by the probate judge, a few days before the receipt was filed, the order providing for such discharge when the receipt should be given. The judge does not remember whether any understanding was had in his presence concerning what was to be done with the property not inventoried, but the order showing the accounting shows affirmatively that this outside property was not brought into the account.

There is conflicting testimony as to the real facts, but it was not allowed to go to the jury.

There is no rule which makes a receipt conclusive evidence, and if these items were not included in the probate account, we do not think the right of defendant is precluded. The judge of probate was justified by the receipt in discharging the guardian, but this did not preclude the parties from having arrangements as to matters outside of the action of that court. The law does not favor undue haste in the settlement of guardian's accounts, and where the information must necessarily be in the hands of the guardian, it would be inequitable to stretch matters unduly in his favor. In the present case it is certain that he did not account to the probate court for these items. It is equally certain that he did not perform his duty, until he had done so in some way. It was held in *Hooper v. Hooper* 26 Mich. 435,

that it is competent for guardian and ward to make settlements between themselves, and if they choose to do so and to take any class of items out of the accounting they can do so. The ward, being sane, can make such an arrangement as he can make any other contract, and if to close up the probate matters papers are formally passed, we know of no reason why such a receipt is any more conclusive than any other receipt. We think the set-off was admissible.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.