CHARLES CARDWELL, Appellant, v. WILLIAM STUART, Respondent.

St. Louis Court of Appeals, February 25, 1902.

1. **Pleading: PRACTICE, TRIAL: EQUITY: LAW: RELEASE: RECEIPT.** If a release is something more than a receipt and is of the character that equity only can correct or cancel it, the plaintiff may anticipate the affirmative defense to be made out by the instrument and in a separate count ask for its correction or cancellation, or may in his reply to the answer raise the issue of fraud, mistake or surprise.

2. **Practice, Trial: DEMURRERS EFFECT OF.** When a demurrer is sustained there is no cause pending to be submitted to the court, and nothing upon which the court could make a finding.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*Robertson & Barnes* for appellant.

(1) If the decision of the Court of Appeals reported in the 74 App. Rep. be the law of this case, then the plaintiff's petition states a cause of action. The plaintiff is under no obligation, before maintaining this suit to return to the defendant the $750 received by him. He received the $750 not in consideration of the papers executed by him, but simply as part payment to him of the money going to him as his mother's heir. These receipts or writings, signed by the plaintiff, were simply given to be used as evidence of the payment of the administrator to the heir. They were not based upon any consideration and were not executed for a consideration,

and were, therefore, not contracts within the sense of contracts based upon a consideration. (2) The paper wherein the plaintiff obligated himself not to further question or require the administrator to account to him is void upon the face of it and is a fraud practiced by the administrator upon the plaintiff. Before the plaintiff can be required to return the $750 or offer to return it it must be shown that he accepted the $750 as a separate consideration for the execution of the paper. Hancock v. Blackwell, 139 Mo. 440. (3) The fact is, the St. Louis Court of Appeals was in error in holding that plaintiff would have to bring his suit in equity to cancel the receipts, and the circuit court was in error in holding that the plaintiff should return or make a tender of the $750 before he could maintain this action. See separate opinion in Courtney v. Blackwell, by Marshall, J., 150 Mo. 278. (4) Where the instrument is invalid on the face of it, then there is no cause for equitable interference. 3 Pom. Eq. Juris. (2 Ed.), sec. 1377, and authority cited under note 4; also sec. 1399.

*Fry & Clay* for respondent.

(1) We insist this action was not instituted against the right party. This is an action in equity against William Stuart individually to set aside and cancel a settlement and certain receipts given by plaintiff to William Stuart, administrator. The money paid plaintiff was money of the estate paid by William Stuart as administrator in the interest of the estate. If plaintiff should prevail in his action it would affect the estate and William Stuart as administrator, and not otherwise. The estate is the party in interest. The receipts belong to the estate and to cancel them the action should be instituted against the estate of Rachel Stuart. Heitkamp v. Biederstein, 3 Mo. App. 450; Dillon v. Bates, 39 Mo. 292; Jackman v. Robinson, 64 Mo. 289; Kenin v. Roberson, 49 Mo. 252. (2) Wm. Stuart, as administrator individually, had a perfect right to

purchase plaintiff's interest in the estate and have plaintiff assign his interest. Such purchase and assignment is not void. State ex rel. v. Jones, 139 Mo. 194. (3) It is admitted that plaintiff, when he signed the writings here sought to be cancelled, knew what the writings were, their purpose and effect, but he seeks to be released from the same on the ground that he was induced to execute the same by fraudulent representations on the part of defendant. It is well-settled law that when a party comes into a court of equity and asks to be released from a contract or settlement "the money received in consideration for the release must be tendered back and the defendant put in *statu quo.*" (4) Plaintiff's laches defeats him in this action. Letters were issued to defendant May, 1893. Plaintiff sold and assigned his interest in this estate to defendant July 26, 1893, and this amended petition was filed in September, 1898. Plaintiff had rested on his rights for over five years—had received and gone through with the $750 paid him. Defendant had made his final settlement and had been discharged as administrator. The receipts and other proceedings of plaintiff in 67 Mo. App. 61, and 74 Mo. App. 182, show that plaintiff has known the facts for five years. Burgess v. Railroad, 99 Mo. 496. (5) Fraud must be promptly repudiated and rescission or an offer to rescind made, otherwise it will not be relieved against. Lewis v. Land Co., 124 Mo. 673; Brockhaus v. Schilling, 52 Mo. App. 73. Demurrer to bill is the proper remedy. Burgess v. Railroad, 99 Mo. 496; Wilson v. Railroad, 120 Mo. 45.

BLAND, P. J.—Omitting caption the petition is as follows:

"Plaintiff, for his first amended petition, states that he is the sole heir at law of Rachel Stuart (formerly Cardwell), deceased, who departed this life on the   .   .   .   day of April, 1893; that at the time of her death and for some time prior thereto, she had been the wife of William Stuart, the

defendant herein, and at the time of her death she was possessed of an estate of the value of $4,000, which consisted of personal property, and that thereafter this defendant, William Stuart, procured letters of administration in his own behalf, making him administrator of said estate, in the probate court of Audrain county, Missouri, at the county of the death of said deceased, which letters bear date of the sixteenth day of May, 1893.

"That as administrator of said estate of said deceased the said defendant proceeded to and took charge of the estate of the said deceased and took the whole of the same into his possession; that the said defendant immediately after taking charge of said estate inventoried the same, and filed his inventory in the probate court of said county, and falsely represented by his said inventory, that the said estate was of the value of only $750 and that there was personal property of said estate only to that amount; that one year thereafter the said defendant made his annual settlement, accounted to said estate for the sum of $816, and further represented in his settlement that said estate consisted only of $750 and that no other property of any description whatever had come into his hands as such administrator, and this said defendant falsely and fraudulently, with intent to cheat and defraud the said plaintiff, made said inventory and also represented to him that the same was true, to-wit: that there was but $750 in said estate, and represented to this plaintiff that he had made a true inventory of the estate, and further represented to this plaintiff that he would pay the costs of said estate and one allowance amounting to $68 therein out of his own pocket in order that there might be the sum of $750 for this plaintiff; that the said defendant, knowing that there was a greater estate than the amount which he represented and which he inventoried, and being fearful that this plaintiff would ascertain such fact and find out the true facts concerning said estate, and that the plaintiff would make a claim therefor, was anxious to effect

an early settlement with this said plaintiff, and in order to effect such settlement the said defendant, in furtherance of his scheme to cheat and defraud said plaintiff of his interest in his mother's estate, falsely and fraudulently represented to the plaintiff that he had made a true inventory thereof and that there was, belonging to said estate, simply the sum of $750, and said plaintiff relied upon the false statement so made in the said inventory and by the said defendant and so relying upon said false statements was induced by the said defendant to sign the following receipts, to-wit:

" 'Mexico, Mo., July 26, 1893.—In consideration of William Stuart advancing to me my interest in the estate of Rachel Stuart, deceased, on this day, as administrator of the estate of said Rachel Stuart, deceased, advancing to me my said interest of $750 in said estate, I hereby obligate myself not to question or require said Wm. Stuart to pay to said estate any money or claim that I may think he owes said estate or take any proceedings in court or otherwise, claiming Wm. Stuart owes said estate anything, but accept this $750 in full of my said interest.

(Signed)                    " 'C. C. CARDWELL.'

"And in connection therewith and at the same time and as a part of the same transaction the said plaintiff executed the following further receipt, to-wit:

" 'Mexico, Mo., July 26, 1893.—Received of Wm. Stuart, administrator of the estate of Rachel Stuart, deceased, $750 in full payment and satisfaction of my share and interest in the estate of Rachel Stuart, deceased, as child and heir of said deceased.

(Signed)                    " 'C. C. CARDWELL.'

"That both of the foregoing instruments were executed simultaneously and were part of the same act and both of

them were executed as to constitute the same act, and the same was procured on part of the defendant by false and fraudulent representation aforesaid and by falsely representing to the plaintiff that there was no more property of which said defendant was informed and belonging to the estate than the sum of $750.

"And plaintiff relied upon the false statements aforesaid and executed the foregoing instruments discharging the defendant from any further liability to him as administrator of said estate.

"Plaintiff says that the above receipts as above set forth and writings are void for the reason aforesaid so far as they operate as a quittance and discharge of the defendant as administrator of said estate.

"That the said plaintiff prays the court to cancel in its entirety the first instrument set out herein and to cancel all of that part of the second one set out herein which undertakes to and does operate as a release of defendant's obligations as administrator to this plaintiff and prays the court to so reform the second instrument as to leave it stand as follows:

" 'Mexico, Mo., July 26, 1893.—Received of Wm. Stuart, administrator of the estate of Rachel Stuart, deceased, $750 as the child and heir of said deceased,' and to strike from and cancel the following part of said instrument, 'in full payment and satisfaction of my share in interest in the estate of said Rachel Stuart, deceased.'

"And plaintiff says that the said first instrument and the said part of said second instrument sought to be cancelled and stricken out were procured by the false and fraudulent representations made as aforesaid and relied upon as aforesaid by this plaintiff.

"Plaintiff further states that on the eighth day of August, 1896, he began an action entitled: 'State of Missouri to the use of Charles Cardwell, plaintiff, against William Stuart and W. W. Fry, defendants,' which action was begun in the

circuit court of Audrain county, Missouri, a court of general
jurisdiction, having jurisdiction over the subject-matter and
of the parties, which action was begun and maintained in said
circuit court upon the administrator's bond of the said Wm.
Stuart in which action this said plaintiff did sue upon said bond
for the surplus in said defendant's hands as such administrator,
over and above the said sum of $750 so received by the said
plaintiff from the said defendant and for all sums in his hands
as such administrator over and above the said sum of $816,
being the total amount accounted for as aforesaid by the said
defendant in said probate court.

"That since the commencement of this action this said
plaintiff has discovered the fact that there was more property
received by the said defendant into his hands as such adminis-
trator than was sued for in said action upon said bond in said
circuit court.

"That said defendants appeared in said action upon said
bond in the said circuit court in the following September term
thereafter and said cause was duly tried before a jury and the
plaintiff recovered a verdict and judgment thereon upon said
bond, from which an appeal was taken at the said September
term, 1896, to the St. Louis Court of Appeals, which said
action coming on to be heard at the October term, 1897, the
said case was reversed and remanded, the opinion of which
was delivered therein on Tuesday, March 15, 1898, directing
this said plaintiff to begin his action to set aside the receipts
and instruments above set forth.

"Wherefore plaintiffs pray the court, by its equitable
powers, to set aside, cancel and annul the receipts above set
forth, so far as they operate as a quittance of the said defend-
ant, and prays the court to suspend the last-named action
which is now pending in this court, while plaintiff maintains
this action to rescind the release aforesaid and for all other and
further proper relief afforded by a court of equity."

To the petition the defendant filed the following demurrer:

"Now comes the defendant and files his demurrer to plaintiff's amended petition, and for cause says:

"Said petition does not state facts sufficient to constitute a cause of action.

"Said petition does not set forth what representations, if any, defendant made to the plaintiff, and that he was induced thereby to sign the writings he asks to be set aside and cancelled.

"Said petition does not state that plaintiff relied upon such representations, and that he would not have signed said writings if said representations had not been made.

"Plaintiff admits in said petition that he received $750 of this defendant under said writings on July 26, 1893, and he failed to tender said money back to defendant.

"That plaintiff has made no tender of the money received by him through and by virtue of the writings he asks to be cancelled, and plaintiff is not entitled to recover until he makes such tender.

"That under said petition plaintiff is not entitled to recover."

On the demurrer the court rendered the following judgment:

"Now on this fourth day of October, 1898, defendant's demurrer to plaintiff's first amended petition coming on for hearing, both parties being present, as well as by their respective attorneys, and the same is submitted to the court, and on hearing, the court sustains defendant's demurrer. And it is ordered and adjudged by the court that defendant's said demurrer be and the same is sustained. And thereupon the plaintiff refuses to plead further and said cause is submitted to the court, a jury being waived, and plaintiff appears not, but makes default, and the court on hearing, finds for the de-

fendant and judgment is given for defendant for the cost in this cause created. It is therefore ordered and adjudged by the court that defendant have and recover of and from the plaintiff all costs laid out and expended in this cause, and that execution issue therefor."

After an unsuccessful motion to set aside the order and judgment, defendant appealed.

Plaintiff's counsel was influenced to bring this suit by the expression of the opinion of one of the judges of this court in the opinion overruling the motion for rehearing in a suit brought by plaintiff against Stuart on his administrators bond (State ex rel. v. Stuart, 74 Mo. App. l. c. 187), in which it is said that in the opinion of one of the judges the compromise settlement receipt of seven hundred and fifty dollars must be set aside in the court of equity before a suit on Stuart's bond as administrator could be maintained. This was not the opinion of the majority of this court as is shown by the principal opinion in the case. We have never been impressed with the logic or soundness of the opinions holding that it was necessary to resort to a court of equity to set aside this character of instruments in order to prosecute a suit at law in which they might be interposed by the defendant as a release. We think the correct rule of practice is well expressed in the opinion of Judge MARSHALL in Courtney v. Blackwell, 150 Mo. 278, concurred in by GANTT, P. J., and by SHERWOOD and BRACE, JJ.

"In Fuller v. Crittenden, 9 Conn. 406, it was said: 'The true view of the subject seems to be that certain circumstances as would lead a court of equity to set aside a contract (such as fraud, mistake or surprise) may be shown at law, to destroy the effect of the receipt. In this way that all-important principle, that written evidence is not to be destroyed by parol—that principle which Chancellor KENT says is not to be destroyed or shaken—is preserved; and yet, where the circumstances are such that the receipt ought not to operate, the party need not be driven to a court of equity.' And to this

effect are the authorities generally. Greenleaf on Evidence (15 Ed.), sec. 305; 2 Wharton on Evidence, secs. 920, 1064, 1130, 1365; 19 American and English Encyclopedia of Law, 1115; Cole Co. v. Dallmeyer, 101 Mo. 57; Gibson v. Hanna, 12 Mo. 163; Ryan v. Ward, 48 N. Y. 204; Fire Ins. Co. v. Wickham, 141 U. S. 564.

" 'In fact an entry of satisfaction of a judgment *in the absence of a statute* is but a receipt, and like a receipt may be explained or avoided by satisfactory evidence that payment was not in fact made.' 2 Freeman on Judgments, sec. 478a; Dane v. Holmes, 41 Mich. 661; Powell v. Powell, 52 Mich. 432; Brown v. Bank, 148 Mass. 300. In Brown v. Bank, supra, the execution had been returned satisfied, as appeared by the receipt of the attorney of record; and the point was made, that defendant was estopped to deny that the full amount of the judgment had been paid; but the court ruled that it was but a receipt which could be explained.

"Let us then examine the statute, invoked as a defense in this case. Section 5330 provides that, upon final settlement, 'the court shall order payment of the amount found due . . . to such ward, having attained majority, or to the successor of such guardian or curator, as the case may be, and enforce such order by attachment against the guardian and his sureties.' "

This quotation is made and approved in State ex rel. Hospes v. Branch, 112 Mo. 670. If the release is something more than receipt and is of the character that equity only can correct or cancel then, as is said in Courtney v. Blackwell, supra, the plaintiff may anticipate the affirmative defense to be made out by the instrument and in a separate count ask for its correction or cancellation or may in his reply to the answer raise the issue of fraud, mistake or surprise.

The Cardwell suit on Stuart's bond as administrator is still pending and he may have the same relief in that suit under proper pleadings as is prayed for by his bill in equity.

We think, therefore, that the demurrer was properly sustained. But the judgment recites that the cause was submitted to the court, a jury being waived, that plaintiff made default and the court on a hearing found for the defendant. When the demurrer ˙was sustained there was no cause pending to be submitted to the court and nothing upon which the court could make a finding.

The judgment notwithstanding its recitals is but in effect a judgment on the demurrer and as such is affirmed. ˏAll concur.