J. W. STRAWN, Defendant in Error, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, June 18, and October 1, 1906.

1. COMMON CARRIERS: Delivery: Receipt of Freight: Evidence: Instruction. The receipt of the consignee's agent for goods shipped makes a prima facie case of delivery and is evidence of a high character, because it is an admission against interest; but since it belongs to the non-contractual class of admissions it is open to explanation by appeal, or other competent evidence; and an instruction set out in the opinion is approved.

2. ———: ———: ———: ———: Demurrer: Appellate Practice. Evidence relating to the non-delivery of goods, notwithstanding

the consignee's receipt, is reviewed and held sufficient to send the case to the triers of facts, whose finding will not be interfered with by the appellate court.

Error to Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for plaintiff in error.

(1) The receipt was prima facie evidence of delivery to plaintiff, and was controlling until overcome by other proper evidence. Bank v. Steamship Co., 59 N. Y. 510; Wilcox v. Railroad, 24 Minn. 269; 3 Wood on Railroads, sec. 435. (2) There is no question that Hulett was plaintiff's agent to receive the goods sued for, and that he executed the receipt for the same; therefore, the effect of his receipt is a matter to be determined under the ordinary rules governing written receipts. Wilcox v. Railroad, 24 Minn. 269. (3) The effect of the receipt, in the absence of rebutting proof, is to establish that delivery was made to plaintiff, through his agent, Hulett. 23 Am. and Eng. Ency. of Law (2 Ed.), 983. Being uncontradicted and unexplained, it became conclusive. Ibid, 985. (4) While a receipt may be overcome by proper proof, yet it must be evidence of the same character as required by a court of equity to set aside a contract for fraud or mistake; and the evidence must be clear and convincing, and must not rest on mere impressions or possibilities. The burden was on plaintiff to contradict or explain the receipt. 23 Am. and Eng. Ency. of Law (2 Ed.), 986, and cases cited; Gibson v. Hanna, 12 Mo. 162; State ex rel. v. Branch, 112 Mo. 661-670; Cardwell v. Stuart, 92 Mo. App. 594; Clark v. Railroad, 127 Mo. 255-264; Sweet v. Owens, 109 Mo. 1-7; Barlett v. Brown, 120 Mo. 353; Downing v. McHugh, 3 Mo. App. 594; Steinberg v. Ins. Co., 39

Mo. App. 255; Brohammer v. Foss, 17 Mo. 1; Ennis v. Pullman Co., 165 Ill. 161; Levi v. Karrick, 13 Iowa 344; Borden v. Hope, 21 La. Ann. 581; Chapman v. Railroad, 7 Phila. (Pa.) 204. (5) The evidence in the case at bar does not destroy the effect of the receipt, and the same is therefore conclusive evidence of delivery of the goods sued for. (6) The court erred in making a finding contrary to the law as declared in the instructions given. Those instructions correctly declared the law.

*N. T. Gentry* for defendant in error.

(1) In an early day in the judicial history of Missouri, Judge Ryland said: "The only point of any moment is the admission of the testimony to explain the receipt — I may say to show its incorrectness. No principle is better settled than that receipts may be explained—may be shown to be incorrect." Weatherford v. Farrar, 18 Mo. 1. c. 476; State ex rel. v. Cummiskey, 34 Mo. App. 1. c. 199; Quattrochi v. Bank, 89 Mo. App. 1. c. 509; 2 Parsons on Contracts (9 Ed.), 709; VanZile on Bailments & Carriers. sec. 452; Bank v. Railway, 44 Minn. 224; Mears v. Railway, 52 Atl. Rep. 1. c. 611; Pollard v. Vinton, 105 U. S. 7; Cunard S. S. Co. v. Kelley, 115 Fed. 1. c. 683; Railway v. Wilkins, 44 Md. 1. c. 26; Steamboat Missouri v. Webb, 9 Mo. 193; 1 Greenl. on Evidence (16 Ed.), sec. 305; 2 Wharton on Evidence, sec. 1064; 4 Wigmore on Evid., sec. 2432; Underhill on Evid., sec. 211; 3 Elliott on Evid., sec. 1914; 1 Elliott on Evid., sec. 610; 4 Elliott on Railroads, sec. 1419. (2) The sanctity of a written document does not apply to a mere receipt. Aull v. Trust Co., 149 Mo. 1. c. 17; Ireland v. Spickard, 95 Mo. App. 1. c. 64. (3) As to the last two points suggested by counsel, it may be said that if the evidence in this case does not destroy the effect of a receipt, then it would be difficult to conceive of a state of facts where the evidence did accomplish that purpose. Whether it did or not was a question for

the trial judge, sitting as a jury; a question of the weight of the evidence. Beedle v. State, 62 Ind. 1. c. 31; Smith v. Railroad, 30 Iowa 1. c. 249; Cole v. Taylor, 22 N. J. L. 59; Herkimer v. Nigh, 10 Ill. App. 1. c. 375; Gleason v. Sawyer, 22 Foster (N. H.) 1. c. 92; Duncan v. Grant, 87 Maine 429; Aull v. Trust Co., 149 Mo. 17. (4) In view of the evidence, it is impossible to place this case outside of that well-established class of cases, which hold that the duties and obligations of a common carrier cease only when the carrier brings the goods to their destination and tenders them to the consignees. Hull v. Railroad, 60 Mo. App. 598; Davis v. Railroad, 89 Mo. 349; Bartlett v. Steamboat Phil., 32 Mo. 256; Cole v. Railroad, 21 Mo. App. 443; Wheeler v. Railroad, 3 Mo. App. 361; Hutchinson on Carriers, (2 Ed.), 338; Lawson on Carriers, sec. 245; Bell v. Railroad, 6 Mo. App. 363; Isenberg v. Railroad, 13 Mo. App. 415; Leavering v. Transportation Co., 42 Mo. 92; Ray on Negligence of Imposed Duties, pp. 887, 896; Story on Bailments (9 Ed.), secs. 543, 574.

JOHNSON, J.—Plaintiff, a merchant at Columbia, sues to recover the value of a case of dry goods which he claims defendant, as a common carrier, received for hire for transportation and delivery to him at Columbia and failed to deliver. A jury was waived and the court sitting as a jury heard the evidence and gave plaintiff judgment for the value of the goods. Defendant appealed. Plaintiff's ownership of the goods, their description and value, their shipment at New York consigned to plaintiff, and their delivery to defendant in the course of transportation, are all conceded facts. The controversy between the parties relates to the fact of the delivery to plaintiff at Columbia. It appears that the shipment received by defendant consisted of six cases of dry goods consigned to plaintiff. Defendant's records show that all of them were carried to its station at Columbia and there delivered together to plain-

tiff. In addition to this evidence, defendant produced a receipt for the six cases including the one in dispute, signed by D. E. Hulett, and in a stipulation made by the parties it was agreed that "at the time of said shipment and its delivery at Columbia, Hulett was a drayman and transfer man engaged in business at Columbia and that it was then the custom of said Hulett, acting under authority from plaintiff and other merchants, to receipt for cases of goods shipped over defendant's railroad and take the same in said Hulett's transfer wagons to different dry goods merchants in Columbia and receive pay from said merchants for said services and to pay the freight charges to the railroad company." The course of business here outlined was followed in the present instance. Hulett receipted to defendant for the cases, collected the freight charges from plaintiff and paid them to defendant. After the loss of the case was discovered, plaintiff notified defendant and a "tracer" was sent over the line of transportation and the history of the shipment as recorded by the carriers that handled it tended to verify the fact of the delivery of the case in question to Hulett. It had not been misdelivered at any other station, nor was it in the possession of any of the carriers.

Counsel for plaintiff admit that Hulett was his agent authorized to receive and receipt for the case and that, if it was in fact delivered to Hulett, "that was just as valid as a delivery to the owner himself," and further they concede that the receipt given by Hulett "is prima facie evidence that such delivery was made." With the case in this posture, obviously the burden is on plaintiff to overcome the prima facie proof of delivery made by defendant in the production of the receipt signed by the agent of plaintiff. This burden plaintiff assumed and in attempting to meet it introduced evidence tending to establish the following facts:

Hulett did not attend in person to the hauling of

the cases to plaintiff's store. He called at the station, as was his custom, and learned that merchandise consigned to plaintiff had arrived. He then directed the driver of one of his wagons to haul the goods. The driver drove to the station and loaded into his wagon all of the cases delivered to him by defendant's agent for delivery to plaintiff, hauled them to the store of the latter, placed them on the sidewalk in front of the principal entrance to the store and drove away. Some time after this Hulett called at the station and signed the receipt. The missing case weighed about three hundred pounds and in dimensions was three feet each way. The fact that the case was lost was not discovered by plaintiff until some fifteen days had passed after the hauling of the other cases. The driver then could not remember how many cases he hauled on that occasion, but was positive that he delivered to plaintiff all he received from defendant. Plaintiff produced the invoice of the goods contained in the missing case and offered the testimony of himself and of each of his clerks to show that the goods therein described were not received in the store. Defendant criticizes this evidence saying that it is not sufficiently positive to offer any evidentiary opposition to the written receipt. These are examples of the testimony defendant asserts is lacking in probative force. From the testimony of the clerk, who unpacked the cases delivered at the store: "Q. All you know about the matter is that some embroideries that were supposed to have been ordered had not arrived at your house? A. Yes, sir. Q. And you think they never did get there? A. Not to my knowledge."

From the testimony of one of the sales clerks: "Q. State if the goods in these three bills ever arrived at your store. A. Not to my knowledge. They never were in the stock. I kept that stock. Q. You were in the store every day during that time. A. Yes, sir. Q. If such a box containing these goods were

received there, would you have known it?    A.    Yes, sir."

Defendant asked and the court refused to give an instruction in the nature of a demurrer to the evidence, and then asked and the court gave declarations of law, from which we quote; "Unless the plaintiff has established to your satisfaction by the evidence in the case that the giving of the said receipt and the payment of the freight charges by the said Hulett was a mistake and unless the giving of said receipt and the payment of said charges are satisfactorily explained and are shown to have been through error or mistake, the same become conclusive evidence of the delivery of said goods; . . . in order to overcome the effect of such receipt, it is necessary that there should be evidence sufficient to convince you that the said receipt was given by mistake, and in reaching your conclusion upon that subject you are not authorized to indulge in any mere speculation or possibilities, but must have substantial evidence sufficient to satisfy you that the said case was not delivered and that the receipt was signed by mistake; . . . the mere fact that the plaintiff may not have received the case of goods is not sufficient evidence to establish the further fact that the same was not delivered to the said Hulett as the agent of plaintiff; . . . such fact (i. e., the non-delivery of the case to plaintiff) is only one of the circumstances that may be considered in reaching your conclusion in this case and, in the absence of other evidence tending to establish the non-delivery by the defendant to Hulett, the failure of Hulett to deliver the case of goods to the plaintiff does not relieve the plaintiff from the effect of the written receipt given by Hulett, and under such circumstance *and in the absence of such evidence of non-delivery to Hulett,* your finding must be for the defendant" (the italicized words were interpolated by the court).

No declarations of law were asked by plaintiff.

Defendant in effect concedes that the controlling question before us on this appeal is whether the facts adduced in evidence by plaintiff are sufficient to raise an issue of fact in the face of the admission expressed in the written receipt given by plaintiff's agent. If they are, the judgment must be affirmed on the ground that the court, exercising the functions of a jury, has conclusively settled that issue in favor of plaintiff. In such cases, appellate courts do not weigh conflicting evidence, but confine themselves to the determination of the question of whether or not a substantial, or what may be termed a legal conflict, exists. Should we find that the judgment is supported by substantial evidence that serves to weigh in the balance against the written admission, defendant cannot complain of the adoption by us of the principles embodied in the declaration of law given at its instance. Indeed aside from this consideration, we are of the opinion that the learned trial judge clearly and correctly declared the principles of law applicable to an issue of this character.

The receipt given by the authorized agent of plaintiff, containing, as it does, an admission of the fact of the delivery of the case of goods, to the agent is prima facie evidence of the verity of the recited fact. It is evidence of a high character because it is an admission against interest, but it belongs to the class denominated non-contractual admissions and therefore is open to explanation or contradiction by parol or by any other competent evidence. [Weatherford v. Farrar, 18 Mo. 474; State ex rel. v. Branch, 112 Mo. 661; Cardwell v. Stuart, 92 Mo. App. 586; State ex rel. v. Cummiskey, 34 Mo. App. 189; Quattrochi Bros. v. Bank, 89 Mo. App. 500; 23 Am. and Eng. Ency. of Law (2 Ed.), 983, et seq.; 2 Wharton on Evidence, secs. 920, 1064, 1130, 1365; 2 Parsons on Contracts (9 Ed.), 709; Wigmore on Evidence, sec. 2432; Van Zile on Bailments and Carriers, sec. 452.]

When the evidence contradicting a receipt clearly shows that it was given under a mistake as to the facts, or in ignorance of material facts, or that it was obtained by fraud, its probative strength is overcome and it ceases to possess any evidentiary value. No special character of evidence is required to establish the fact that a receipt was mistakenly given, but the facts and circumstances adduced, to be effective, should clearly show the non-existence of the admitted fact. Applying these principles to the facts of the present case, we entertain the view that, should the testimony of plaintiff and his witnesses be accepted as true, he has clearly and convincingly established the facts that the case was not delivered by defendant to Hulett and the receipt was given under a mistake as to the real fact. Hulett was not present when the cases hauled were delivered to his driver and had no knowledge when he signed the receipt of the number of cases actually delivered. The driver states that he hauled all of the cases he received and deposited them on the sidewalk in front of plaintiff's store. The facts and circumstances strongly tend to show that all of the cases placed on the sidewalk by the driver were taken into the store, unpacked, and their contents placed in the stock and that the goods contained in the case in controversy were not received. The fact that the clerks qualified some of their answers with the expression, "not to my knowledge," does not alter the positive character of their testimony, as defendant erroneously assumes. When a witness is in position to know definitely of the existence of a fact and testifies that he has knowledge of the  subject and states that the fact *to his knowledge* is non-existent, he positively asserts a fact. Such was the character of the testimony criticized and it was not deficient in probative vigor.

The trial court, having before it clear and satisfying evidence tending to impeach the verity of the receipt, properly overruled the demurrer to the evidence.

The issue of fact presented was one to be determined by that tribunal acting in the capacity of a trier of fact, and its finding, that resulted in the judgment rendered, is not open to review. The judgment is affirmed. All concur.